A92A1745. JORGENSEN v. THE STATE.
(428 SE2d 440)

BLACKBURN, Judge.

The appellant, David Jorgensen, was found guilty of driving under the influence by the trial court sitting without a jury. On appeal from the conviction and sentence entered by the trial court, the appellant asserts that the trial court erred in denying his motion to suppress.

The evidence adduced at trial shows that on January 18, 1992, a roadblock was set up by Officer Steve Seawell of the City of Atlanta Police Department on Lindbergh at Interstate 85. The roadblock was located approximately 200 feet from the entrance to an apartment complex. At approximately 2:00 a.m., Officer Seawell observed the appellant, who was traveling on Lindbergh, turn into the entrance of the apartment complex in a normal fashion. The appellant was driving a white 1991 BMW automobile with a dealer's drive-out tag. Based solely upon his intuition, Officer Seawell decided to stop the appellant and pursued him into the complex. The officer further testified that "I did not think he lived there." No articulable reason was given by the officer for his stop of the appellant other than his intuition. As

the appellant exited his car to go into one of the apartments, the officer pulled up behind him. The appellant was not free to leave per officer Seawell's testimony. Shortly thereafter, a field sobriety test was administered to the appellant and produced a reading of .14 grams. This appeal followed the trial court's conviction of the appellant based upon evidence seized after the officer's investigatory stop.

In his sole enumeration of error, the appellant contends that the trial court erred in denying his motion to suppress the evidence seized, because the officer lacked probable cause or an articulable suspicion that a crime had been committed by the appellant at the time of the unlawful stop.

" 'Although an officer may conduct a brief investigative stop of a vehicle, [cit.], such a stop must be justified by specific, articulable facts sufficient to give rise to a reasonable suspicion of criminal conduct, *Terry v. Ohio*, 392 U. S. 1, 27 (88 SC 1868, 1883, 20 LE2d 889, 909) (1968); [Cit.] Investigative stops of vehicles are analogous to *Terry*-stops, *Terry*, supra, and are invalid if based upon only "unparticularized suspicion or 'hunch,' " 392 U. S. at 27 (88 SC at 1883, 20 LE2d at 909).' [Cit.] 'An investigatory stop must be justified by some objective manifestation that the person stopped is, or is about to be, engaged in criminal activity. (Cits.)' [Cit.]" *Evans v. State*, 183 Ga. App. 436, 438 (2) (359 SE2d 174) (1987). "[T]his suspicion need not meet the standard of probable cause, [but] must be more than mere caprice or a hunch or an inclination. [Cit.]" *State v. Smith*, 137 Ga. App. 101, 102 (223 SE2d 30) (1975).

It is undisputed that the appellant did not commit a traffic offense or otherwise violate the law at the time that he, according to the testimony of the arresting officer, "slowed down and made a turn into an apartment complex just before the roadblock," "just as any person who was visiting or residing in that apartment complex would have." The apartment complex was located approximately 200 feet from the roadblock. The officer testified that when he saw the appellant turn into the entrance of the complex, he did not think that the appellant lived there because he was driving a 1991 BMW M3 with a dealer's tag, and "most of the people living [in the apartment complex] are Hispanic people," and "most of them don't have much money." The record is devoid of any articulable fact which would support the officer's intuition that the appellant was avoiding the roadblock. For example, there was no indication in the record of any sharp driving maneuver, sudden turn or reduction in speed or other facts which might tend to show that the appellant's actions were evasive. The officer indicated in his response to a question posed to him by the trial judge that "it was just his intuition" that the appellant was turning into the apartment complex to avoid the roadblock. As this court has stated in *Smith* at 101, intuition is insufficient to "give rise to an ar-

ticulable suspicion."

The officer's stop of the appellant after he exited the car was unjustified in that the officer did not observe the commission of a crime by the appellant before the stop and during his testimony, did not state any facts that would indicate that the appellant was about to violate the law in any manner. We find that the stop by the officer violated the appellant's Fourth Amendment rights and the evidence acquired as a result of the unlawful stop was improperly admitted by the trial judge. To hold otherwise would expose citizens to intrusions based solely upon the mere subjective beliefs of individual officers. Accordingly, the trial court erred in denying the appellant's motion to suppress.

*Judgment reversed. McMurray, P. J., and Cooper, J., concur.*

DECIDED MARCH 1, 1993.

*Robert W. Chestney*, for appellant.
*Louise T. Hornsby, Solicitor*, for appellee.