## A02A1128. RICHARDS v. THE STATE.
### (571 SE2d 172)

ELLINGTON, Judge.

Charles H. Richards, Jr. appeals from the DUI conviction entered in the City Court of Atlanta on August 30, 2001. Richards contends the trial court erred in denying his motion to suppress. Finding no error, we affirm.

When an appellate court reviews a trial court's order concerning a motion to suppress evidence, the appellate court should be guided by three principles with regard to the interpretation of the trial court's judgment of the facts. First, when a motion to suppress is heard by the trial judge, that judge sits as the trier of facts. The trial judge hears the evidence, and his findings based upon conflicting evidence are analogous to the verdict of a jury and should not be disturbed by a reviewing court if there is any evidence to sup-

port [them]. Second, the trial court's decision with regard to questions of fact and credibility must be accepted unless clearly erroneous. Third, the reviewing court must construe the evidence most favorably to the upholding of the trial court's findings and judgment.

(Citations and punctuation omitted.) *Castillo v. State*, 232 Ga. App. 354, 355-356 (502 SE2d 261) (1998).

Viewed in this light, the record shows that on February 26, 2001, the City of Atlanta Police Department conducted a roadblock at the 1900 block of Cheshire Bridge Road. Richards was driving on Cheshire Bridge Road toward Piedmont Road when he crested a hill and suddenly saw the roadblock ahead. Officer Burgan, who was working at the roadblock, observed Richards crest the hill in the far right lane, stop abruptly, back up approximately 50 feet, and turn onto a side street. At approximately 3:30 a.m., Officer Burgan stopped Richards for a violation of OCGA § 40-6-240, improper backing, and because he believed that Richards was attempting to avoid the roadblock. Upon questioning Richards, the officer noticed that he appeared to be intoxicated and smelled like alcohol. Richards failed field sobriety tests and agreed to take a breath test, which revealed an alcohol concentration of 0.178. Officer Burgan arrested Richards for DUI, improper backing, expired driver's license, and expired tag.

Richards pled not guilty to the DUI and improper backing charges. Richards filed a motion to suppress the evidence gathered after he was stopped by Officer Burgan, claiming the officer did not have a reasonable, articulable suspicion of criminal activity to justify the stop. A motions hearing took place on August 27, 2001, and the court denied the motion to suppress after finding the officer had the necessary reasonable, articulable suspicion to justify the stop. Richards stipulated to the facts as presented in the motions hearing and a similar transaction hearing and waived his request for a jury trial. Following a stipulated bench trial, the court found him guilty of DUI and improper backing.

1. Richards contends the trial court erred in denying his motion to suppress because the arresting officer did not have reasonable articulable suspicion of criminal activity necessary to justify the stop. This Court has previously held that an attempt to avoid a roadblock by driving in an unusual, unsafe, or furtive manner can provide the requisite articulable suspicion to justify a stop. In *Taylor v. State*, 249 Ga. App. 733, 734 (549 SE2d 536) (2001), an officer observed Taylor, who was approaching a roadblock, attempt to avoid that roadblock by turning abruptly and driving over a curb into a closed shopping center. This Court affirmed the trial court's denial of Taylor's motion to suppress the blood alcohol evidence, stating "[w]e have previously

held that abnormal or unusual actions taken to avoid a roadblock may give an officer a reasonable suspicion of criminal activity even when the evasive action is not illegal." (Footnote omitted.) Id. at 735. See also *Castillo v. State*, 232 Ga. App. at 356-357 (denial of a motion to suppress evidence affirmed where defendant made an unusual and unsafe turning maneuver from which the police could reasonably conclude that defendant was attempting to avoid a roadblock. Therefore, a reasonable articulable suspicion for the stop existed, regardless whether it was ultimately proven that the maneuver violated any laws.); *State v. Webb*, 193 Ga. App. 2, 4 (1) (386 SE2d 891) (1989) (accord).

In this case, Richards attempted to avoid a roadblock in a manner that was sufficiently suspicious and furtive to provide the reasonable, articulable suspicion of criminal activity that justified the officer's further investigation. In addition, Richards violated OCGA § 40-6-240 when he backed his car 50 feet on Cheshire Bridge Road,[1] further justifying the stop. Accordingly, the trial court did not err in denying Richards' motion to suppress.

2. Richards also contends the roadblock was not properly implemented. Richards was not stopped at the roadblock, however, so the validity of the roadblock is irrelevant. There was no error.

*Judgment affirmed. Smith, P. J., and Eldridge, J., concur.*

DECIDED AUGUST 29, 2002 —
RECONSIDERATION DENIED SEPTEMBER 13, 2002 — 

*Monte K. Davis*, for appellant.
*Joseph J. Drolet, Solicitor-General, Katherine Diamandis, Assistant Solicitor-General*, for appellee.

---

[1] The trial court convicted Richards of violating OCGA § 40-6-240, improper backing. That conviction was not enumerated as error on appeal.