## A03A0425. JONES v. THE STATE.
(578 SE2d 165)

BLACKBURN, Presiding Judge.

Following a jury trial, Joseph Shannon Jones appeals his conviction for driving under the influence (OCGA § 40-6-391 (a) (1)) and improper backing (OCGA § 40-6-240), claiming that: (1) the trial court erred in denying his motion to suppress evidence of the traffic stop because the police officer lacked a valid reason to stop him; (2) there was insufficient evidence to support his conviction for improper backing; and (3) the roadblock was illegal. For the reasons set forth below, we affirm.

1. Jones contends the trial court erred by denying his motion to suppress, arguing that he was stopped without the prerequisite reasonable articulable suspicion. We disagree, finding that Jones's unusual and illegal maneuver, apparently taken to avoid a roadblock, provided sufficient evidence to justify the police officer's suspicion of criminal activity.

> When reviewing a trial court's decision on a motion to suppress, this court's responsibility is to ensure that there was a substantial basis for the decision. The evidence is construed most favorably to uphold the findings and judgment, and the trial court's findings on disputed facts and credibility are adopted unless they are clearly erroneous. Further, since the trial court sits as the trier of fact, its findings are analogous to a jury verdict and will not be disturbed if there is any evidence to support them.

*State v. Ruiz.*[1]

Viewed in the proper light, the record shows that on January 11, 2002, Atlanta police officer Randy Sheen was working a roadblock on Juniper Street at the corner of 5th Street. Officer Sheen's job was to stay in his patrol car and watch for vehicles trying to avoid or run through the roadblock. Juniper Street is a one-way street heading south. The roadblock was positioned at the bottom of a hill, so that traffic approaching from the north would crest the hill and first observe the roadblock just *after* crossing 6th Street. At 3:56 a.m., Sheen observed Jones, driving passenger Emily Patterson's Volvo, crest the hill, come to an abrupt stop, back up the one-way street uphill ten to fifteen yards into the 6th Street intersection, and turn left. Sheen immediately pursued Jones's vehicle onto 6th Street, pulling him over. After Jones admitted drinking and after he failed several field sobriety tests, Sheen arrested him for DUI — less safe

---

[1] *State v. Ruiz*, 243 Ga. App. 337 (531 SE2d 418) (2000).

driver. Sheen testified that he stopped Jones because "he came to a sudden stop below the crest of the hill, which is where we were conducting a roadblock" and "he was backing up a hill crest in what I believe to be an unsafe manner." Sheen also testified that he thought Jones was trying to avoid the roadblock.

An officer may conduct a brief investigative stop of a vehicle if the stop is justified by "specific and articulable facts which, taken together with rational inferences from those facts, reasonably warrant that intrusion." *Terry v. Ohio*.[2] A court must consider whether, under the totality of the circumstances, the police officer had "a particularized and objective basis for suspecting the particular person stopped of criminal activity." *United States v. Cortez*.[3] However, the stop of a vehicle is also authorized merely if the officer observed a traffic offense. *Roberts v. State*.[4] See *Whren v. United States*.[5]

"Further, an officer's honest belief that a traffic violation has been committed in his presence, even if ultimately proven incorrect, may nevertheless demonstrate the existence of at least an articulable suspicion and reasonable grounds for the stop." *Castillo v. State*.[6] In judging the officer's honest belief, a court should determine whether the officer's "motives and actions at the time and under all the circumstances, including the nature of the officer's mistake, if any, were reasonable and not arbitrary or harassing." (Citation and punctuation omitted.) *State v. Webb*.[7] And, while normal driving that incidentally evades a roadblock does not justify an investigative stop, "abnormal or unusual actions taken to avoid a roadblock may give an officer a reasonable suspicion of criminal activity even when the evasive action is not illegal." *Taylor v. State*.[8] See, e.g., *Castillo*, supra (defendant's sudden stop, turn, and backing maneuver near crest of hill held sufficiently suspicious); *Richards v. State*[9] (defendant backing 50 feet uphill and turning into side street to avoid roadblock held sufficiently suspicious).

Here, there was evidence that Sheen observed Jones committing the offense of unsafe backing, in violation of OCGA § 40-6-240 (a). However, regardless of whether Jones's abrupt backing maneuver near the crest of a hill turned out to be a traffic violation, "it was nevertheless a sufficiently suspicious and deliberately furtive response to the road check so as to give the [officer] at least a reasonable suspi-

---

[2] *Terry v. Ohio*, 392 U. S. 1, 21 (88 SC 1868, 20 LE2d 889) (1968).
[3] *United States v. Cortez*, 449 U. S. 411, 417-418 (101 SC 690, 66 LE2d 621) (1981).
[4] *Roberts v. State*, 242 Ga. App. 120, 121 (527 SE2d 617) (2000).
[5] *Whren v. United States*, 517 U. S. 806, 810 (116 SC 1769, 135 LE2d 89) (1996).
[6] *Castillo v. State*, 232 Ga. App. 354, 357 (502 SE2d 261) (1998).
[7] *State v. Webb*, 193 Ga. App. 2, 4 (386 SE2d 891) (1989).
[8] *Taylor v. State*, 249 Ga. App. 733, 735 (549 SE2d 536) (2001).
[9] *Richards v. State*, 257 Ga. App. 358 (571 SE2d 172) (2002).

cion of [Jones's] criminal activity and to warrant further investigation." *Castillo*, supra at 357. There is no evidence that Sheen's pursuit of Jones was arbitrary or harassing.

This case is not analogous to what Jones terms "mistake of law" cases, such as *In the Interest of B. C. G.*[10] There, the officer stopped the defendant on a surface street for driving his pickup truck with children riding in the truck's bed, conduct which was illegal only on interstate highways. Here, Sheen did not stop Jones because of conduct he thought was prohibited but which was in fact legal; Sheen testified that he thought Jones was backing up his car in an unsafe manner, which *is* illegal. Nor is this case comparable to situations where there was no evidence whatsoever to support the charged illegal act. Here, evidence exists that Jones's maneuver was in fact unsafe, and therefore illegal.

2. There was sufficient evidence to support Jones's conviction for improper backing. OCGA § 40-6-240 (a) states: "A driver shall not back a vehicle unless such movement can be made with safety and without interfering with other traffic." The standard for determining sufficiency of the evidence is whether, under the rule of *Jackson v. Virginia*,[11] the evidence was sufficient for a rational trier of fact to find beyond a reasonable doubt that the defendant was guilty of the charged offense. An appellate court determines evidence sufficiency, but does not weigh the evidence or determine witness credibility. On appeal the evidence must be viewed in the light most favorable to support the verdict, and Jones no longer enjoys a presumption of innocence. *Holland v. State*.[12]

Officer Sheen testified that, based on his familiarity with the area, drivers on Juniper Street approaching 6th Street would have difficulty seeing traffic between 6th and 5th Streets, and a car backing up the hill between 6th and 5th Streets would have difficulty seeing a vehicle coming from behind until the last minute. Sheen also testified that, while Juniper Street is "highly traveled," traffic that morning was "[f]or Juniper Street, . . . light traffic." Sheen did not see any other traffic between the time he first observed Jones and the time he pulled him over. Jones and Patterson testified that Jones drove in reverse only four to six feet (not the ten to fifteen yards testified to by Officer Sheen), that they could see clearly all the way back to 7th Street, and that they saw no traffic. Several photographs were also entered into evidence that showed the topographical layout of Juniper Street from various vantage points between 7th and 5th Streets.

---

[10] *In the Interest of B. C. G.*, 235 Ga. App. 1 (508 SE2d 239) (1998).

[11] *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

[12] *Holland v. State*, 240 Ga. App. 169 (523 SE2d 33) (1999).

The jury, as the arbiter of credibility, was empowered to reject Jones's and Patterson's testimony in favor of Officer Sheen's, and this Court may not disturb the jury's determination on appeal. Based on Sheen's testimony and the photographs entered into evidence, a reasonable jury could conclude beyond a reasonable doubt that Jones was guilty of illegal backing. "The fact [Jones] successfully backed up the roadway without colliding with other cars did not mean that this maneuver was made with safety as OCGA § 40-6-240 (a) requires. [Jones] ran a risk of causing an accident." *Roberson v. State.*[13]

3. Jones raises on appeal the alleged illegality of the roadblock itself as grounds to suppress the evidence gathered from Officer Sheen's stop. However, Jones failed to raise this issue with the trial court until the day of the trial, minutes before the motion hearing, and the trial court declined to rule on the motion. Motions in a criminal case must "be made and filed at or before time of arraignment, unless time therefor is extended by the judge in writing prior to trial." Uniform Superior Court Rule 31.1. It is within the trial court's discretion whether to grant such extensions. *State v. Bishop.*[14] Here, Jones did not request an extension to file an additional motion, but filed, without permission and without notice to the State, an "amended motion." It amounted to the same thing. The State was unprepared to contest the ground, for to do so would have required calling witnesses unavailable on such short notice. As Jones failed to request permission for the late filing and the State was clearly prejudiced by the lack of notice, the trial court did not abuse its discretion in declining to hear the motion. Because the trial court did not rule on the motion, we are presented nothing for review.

In any event, evidence of the legality of the roadblock is irrelevant to determine the legality of the stop and subsequent arrest, because Jones was not stopped at the roadblock. See *Richards,* supra.

*Judgment affirmed. Ellington and Phipps, JJ., concur.*

DECIDED FEBRUARY 6, 2003.

*Monte K. Davis,* for appellant.

*Joseph J. Drolet,* Solicitor-General, *Julie A. Kert,* Assistant Solicitor-General, for appellee.

---

[13] *Roberson v. State,* 230 Ga. App. 179, 180 (495 SE2d 643) (1998).
[14] *State v. Bishop,* 219 Ga. App. 510, 511 (466 SE2d 8) (1995).