## A07A0170. TERRY v. THE STATE.
(640 SE2d 724)

PHIPPS, Judge.

Jason Terry was charged with driving under the influence of alcohol to the extent that it was less safe for him to drive and with driving with an unlawful blood alcohol concentration. After denying Terry's motion to suppress, the trial court conducted a bench trial at which it found Terry guilty of both DUI charges based on stipulated evidence, but merged the former into the latter for purposes of sentencing. Terry appeals his conviction, contending that the trial court erred in denying his motion to suppress. Finding no error in the court's denial of Terry's motion, we affirm.

Evidence introduced at the hearing on the motion to suppress showed that on the evening of December 31, 2004, officers of the Carroll County Sheriff's Office conducted a well-marked road check on the campus of the University of West Georgia. At about 11:45, Officer Stephan Stollar observed a vehicle, subsequently determined to have been operated by Terry, turning into an entranceway leading to buildings that were closed at that time of night. He then backed his vehicle into the roadway and drove away from the roadblock in a direction opposite from the one in which he had been traveling.

Stollar testified that he then got into his patrol car, pursued Terry, and stopped his vehicle for two reasons: first, his suspicions were aroused because he believed Terry had taken evasive actions to avoid the roadblock; second, Terry's backing of his vehicle into the roadway had been improper because, in doing so, he had blocked both lanes of travel. According to Stollar, any approaching vehicle would have had to stop to avoid hitting Terry's vehicle.

After Stollar approached Terry's vehicle and began to talk to him, he detected a strong odor of alcoholic beverage emanating from his breath and person. As a result of Terry's performance of field sobriety tests, Stollar arrested him for DUI. A chemical test of Terry's breath showed an unlawful blood alcohol concentration.

Terry moved to suppress all evidence gathered after the traffic stop on various grounds, including that Stollar lacked reasonable suspicion of criminal activity to justify initiating the traffic stop in that he had not observed Terry drive erratically or commit any traffic violation. In disagreement, the trial court denied the motion to suppress.

> Although an officer may conduct a brief investigative stop of a vehicle, such a stop must be justified by specific, articulable facts sufficient to give rise to a reasonable suspicion of criminal conduct. Investigative stops of vehicles are analogous to *Terry*-stops, and are invalid if based upon only

unparticularized suspicion or hunch. An investigatory stop must be justified by some objective manifestation that the person stopped is, or is about to be, engaged in criminal activity. This suspicion need not meet the standard of probable cause, but must be more than mere caprice or a hunch or an inclination.[1]

[D]eterminations of reasonable suspicion in the context of a Fourth Amendment challenge involve questions of both law and fact and consequently are to be reviewed de novo on appeal. In performing such a review we give deference to the factual determinations established in the record and independently determine whether under the established law those facts justify the constitutional standard.[2]

In *Jorgensen v. State*,[3] a police officer set up a roadblock about 200 feet from the entrance to an apartment complex. The officer observed the defendant turn his car into the complex. Although the defendant did so in normal fashion, the officer stopped him based solely on the officer's intuition. We found the stop illegal, because the record was devoid of any articulable fact which would support the officer's intuition that the defendant was avoiding the roadblock. We noted that "there was no indication in the record of any sharp driving maneuver, sudden turn or reduction in speed or other facts which might tend to show that the appellant's actions were evasive."[4] The rule thus established in *Jorgensen* is that completely normal driving, even if it incidentally evades a roadblock, does not justify a *Terry*-type stop.[5]

Consistent with *Jorgensen*, we have however held in subsequent cases that "abnormal or unusual actions taken to avoid a roadblock may give an officer a reasonable suspicion of criminal activity even when the evasive action is not illegal."[6] "Further, an officer's honest belief that a traffic violation has been committed in his presence, even

---

[1] *Jorgensen v. State*, 207 Ga. App. 545, 546 (428 SE2d 440) (1993) (citations and punctuation omitted), citing *Terry v. Ohio*, 392 U. S. 1 (88 SC 1868, 20 LE2d 889) (1968) and other cases.

[2] *Bass v. Virginia*, 525 SE2d 921, 924 (Va. 2000), citing *Ornelas v. United States*, 517 U. S. 690, 697-699 (116 SC 1657, 134 LE2d 911) (1996).

[3] Supra.

[4] *Jorgensen v. State*, supra, 207 Ga. App. at 546.

[5] *Taylor v. State*, 249 Ga. App. 733, 735 (549 SE2d 536) (2001), citing *Jorgensen*.

[6] *Taylor v. State*, supra (footnote omitted); *Richards v. State*, 257 Ga. App. 358, 360 (1) (571 SE2d 172) (2002).

if ultimately proven incorrect, may nevertheless demonstrate the existence of at least an articulable suspicion and reasonable grounds for the stop."[7]

Thus in *Jones v. State*,[8] the defendant observed a roadblock after traversing the crest of a hill. He then brought his vehicle to an abrupt stop and backed uphill into an intersecting street. We held that

> regardless of whether [defendant's] abrupt backing maneuver near the crest of a hill turned out to be a traffic violation, it was nevertheless a sufficiently suspicious and deliberately furtive response to the road check so as to give the officer at least a reasonable suspicion of [defendant's] criminal activity and to warrant further investigation.[9]

We reached a similar conclusion in *Castillo v. State*[10] where the defendant who was approaching a road check suddenly decelerated and abruptly turned onto a side street, stopped, backed up onto the main road, and proceeded in the opposite direction from the road check. And in *Taylor v. State*,[11] we found the defendant's actions sufficiently abnormal or unusual to justify a *Terry*-type stop where he turned abruptly and drove over a curb into a closed shopping center as he was approaching a roadblock.

Stollar was authorized to conclude that in turning off the roadway, engaging in a possibly illegal backing maneuver, and then driving away in the opposite direction, Terry was attempting to avoid the road check.[12] Regardless of whether Terry's driving maneuvers were illegal, the trial court did not err in finding that they were at least unusual enough to justify further investigation.[13]

---

[7] *Castillo v. State*, 232 Ga. App. 354, 357 (502 SE2d 261) (1998) (citation omitted); *Jones v. State*, 259 Ga. App. 506, 507 (1) (578 SE2d 165) (2003); see *Dixon v. State*, 271 Ga. App. 199, 201-202 (609 SE2d 148) (2005) (if officer acting in good faith reasonably believes an unlawful act has been committed, nonarbitrary and nonharassing actions of officer not rendered improper by later legal determination that defendant's actions were not a crime).

[8] Supra.

[9] Id. at 507-508 (citation and punctuation omitted); see also *Richards v. State*, supra.

[10] Supra.

[11] Supra.

[12] Compare *State v. Hester*, 268 Ga. App. 501 (602 SE2d 271) (2004) (where trial court rejected testimony that officer's observations authorized him to form good faith belief that defendant had made illegal U-turn to avoid roadblock); *Baker v. State*, 256 Ga. App. 75 (567 SE2d 738) (2002) (mere fact that defendant pulled his vehicle onto premises of a closed business that had experienced numerous thefts insufficient to justify traffic stop where no roadblock present).

[13] See generally 5 LaFave, Search and Seizure, § 10.8 (a) and (d), pp. 351, 381 (4th ed. 2004) (traffic stop made in connection with operation of a roadblock justified under *Terry* based on vehicle's avoidance of roadblock in a suspicious manner); compare *Bass v. Virginia*, supra (legal driving maneuver insufficient to justify a traffic stop even if unusual circumstances give rise to

*Judgment affirmed. Johnson, P. J., and Mikell, J., concur.*

DECIDED JANUARY 3, 2007 — ▮▮▮▮▮▮▮▮▮▮

*Allen M. Trapp, Jr.*, for appellant.
*Stephen J. Tuggle, Solicitor-General*, for appellee.

---

reasonable suspicion that defendant intended to avoid or evade roadblock); *Nebraska v. McCleery*, 560 NW2d 789 (Neb. 1997) (stopping one's vehicle before sobriety checkpoint and backing away does not give rise to reasonable suspicion of criminal activity where checkpoint conducted in compliance with operational directive that avoidance of checkpoint not grounds for stop).