## S11G1054. JONES v. THE STATE.

(727 SE2d 456)

HUNSTEIN, Chief Justice.

Michael Jeffery Jones was convicted of driving under the influence, and the Court of Appeals affirmed in an unpublished opinion.

*Jones v. State*, 308 Ga. App. XXII (Case No. A10A2092) (decided March 9, 2011). We granted the writ of certiorari to determine whether the Court of Appeals erred in upholding the trial court's denial of Jones's motion to suppress and his request for a subpoena. Because we hold that the arresting officer's detention of Jones was a seizure and there was no evidence that the officer had reasonable suspicion to make the traffic stop, we reverse.

While participating in a Georgia State Patrol roadblock in Coweta County just after midnight on March 14, 2009, a trooper observed a sports utility vehicle make an abrupt right turn into the parking lot of a small strip shopping center where all the businesses were closed. Deciding to investigate, the trooper turned around his car and activated his lights as he drove to the parking lot. Before reaching it, he saw a truck that was driven by Jones turn into it. The trooper blocked the lot's exit as Jones was turning around and pulling up behind the SUV. The trooper approached the SUV's driver, who said she thought there had been a traffic accident and she was turning around to avoid it. He decided to let her go, but asked her to wait until he had spoken to the driver behind her. He then walked back to Jones's truck to see why Jones had turned into the parking lot. Smelling a strong odor of alcohol and marijuana through the truck's open window, the trooper told Jones that he was allowing the SUV to leave, but that Jones should remain. After moving his car and releasing the first driver, the trooper returned to Jones and asked him to perform several field sobriety tests. During the tests, the trooper observed signs of impairment, and Jones also tested positive for alcohol on the portable alco-sensor machine. As a result, the trooper arrested Jones for DUI.

Jones filed a motion in limine to exclude the results of the state-administered chemical and field sobriety tests on the grounds that the trooper lacked reasonable articulable suspicion to stop and detain him. The trooper testified at the suppression hearing that the parking lot was divided by a grass median and each side had a driveway that served as both the entrance and exit to that side of the parking lot. He further testified that he had blocked the exit to stop the SUV from leaving and "there is no way [Jones's] truck could have exited until I got through dealing with the first vehicle." The trial court found "there was only one way in and one way out" of the parking lot and Jones had voluntarily stopped his truck behind the SUV. Denying the motion to suppress, the trial court ruled that the trooper's initial encounter with Jones was a first-tier, citizen-police encounter and not a traffic stop. The Court of Appeals affirmed.

1. When the evidence at a suppression hearing is uncontroverted and the credibility of witnesses is not in question, we conduct a de

novo review of the trial court's application of the law to the undisputed facts. *Vansant v. State*, 264 Ga. 319, 320 (1) (443 SE2d 474) (1994). To the extent an issue concerns a mixed question of fact and law, we accept the trial court's findings on disputed facts and witness credibility unless they are clearly erroneous, but independently apply the law to the facts. *Morrow v. State*, 272 Ga. 691, 693 (1) (532 SE2d 78) (2000).

The Fourth Amendment prohibits unreasonable searches and seizures. U. S. Const. Amend. IV; see Ga. Const. of 1983, Art. I, Sec. I, Par. XIII. " 'There are at least three types of police-citizen encounters: verbal communications that involve no coercion or detention; brief stops or seizures that must be accompanied by a reasonable suspicion; and arrests, which can be supported only by probable cause.' " *In the Interest of D. H.*, 285 Ga. 51, 53 (2) (673 SE2d 191) (2009) (citation and punctuation omitted). "So long as a reasonable person would feel free to 'disregard the police and go about his business,' the encounter is consensual and no reasonable suspicion is required." *Florida v. Bostick*, 501 U. S. 429, 434 (II) (111 SC 2382, 115 LE2d 389) (1991) (citation omitted).

A consensual encounter may become a seizure under the Fourth Amendment when "in view of all of the circumstances surrounding the incident, a reasonable person would have believed that he was not free to leave." *United States v. Mendenhall*, 446 U. S. 544, 554 (II) (A) (100 SC 1870, 64 LE2d 497) (1980) (opinion of Stewart, J.); see *INS v. Delgado*, 466 U. S. 210 (104 SC 1758, 80 LE2d 247) (1984) (adopting test in a majority opinion). "A person is seized by the police and thus entitled to challenge the government's action under the Fourth Amendment when the officer, by means of physical force or show of authority, terminates or restrains his freedom of movement, *through means intentionally applied*." *Brendlin v. California*, 551 U. S. 249, 254 (II) (A) (127 SC 2400, 168 LE2d 132) (2007) (citations and punctuation omitted). "A seizure occurs even when an unintended person or thing is the object of the detention or taking, but the detention or taking itself must be willful." *Brower v. County of Inyo*, 489 U. S. 593, 596 (109 SC 1378, 103 LE2d 628) (1989) (citations omitted.) "[T]he Fourth Amendment addresses 'misuse of power,' not the accidental effects of otherwise lawful government conduct." Id. (citation omitted). The Supreme Court "thus supplemented the objective inquiry of whether a 'reasonable person would have believed that he was not free to leave,' with a requirement that the detention be 'willful.' " *United States v. Nasser*, 555 F3d 722, 728 (9th Cir. 2009) (citations omitted).

Contrary to the Court of Appeals, we conclude that the evidence did not support the trial court's ruling that the initial encounter

between the trooper and Jones was consensual. As Jones was turning his truck around in the parking lot, the trooper positioned his patrol car in the exit to prevent any vehicle from leaving and left on his car's flashing lights. He testified, and the trial court found, that Jones could not leave without the patrol car being moved. The trooper had decided to release the SUV driver, the initial target of the traffic stop, but told her to "hold on" while he checked the second driver. He then "stepped back to [Jones] to see what had persuaded him to turn into the parking lot." These actions show that the trooper intended to detain Jones at least momentarily to discover his reasons for avoiding the highway roadblock and a reasonable person would not have felt free to leave under these circumstances without the trooper's permission. Therefore, we hold that a seizure occurred when the trooper walked back to question Jones while blocking his exit from the parking lot with the patrol car. Cf. *McKinley v. State*, 213 Ga. App. 738, 739 (445 SE2d 828) (1994) (finding encounter was a seizure when officer parked unmarked car next to a van, activated the car's blue lights, and displayed police identification).

2. For a traffic stop to be valid, an officer must identify specific and articulable facts that provide a reasonable suspicion that the individual being stopped is engaged in criminal activity. See *Terry v. Ohio*, 392 U. S. 1, 21 (88 SC 1868, 20 LE2d 889) (1968); *Thomason v. State*, 268 Ga. 298, 301 (2) (a) (486 SE2d 861) (1997). In this case, the trooper did not testify to any particular, objective facts that led him to reasonably suspect Jones was committing a crime. There was no evidence that Jones had violated a traffic law or made a sharp, unsafe, or furtive driving maneuver. See *Jones v. State*, 259 Ga. App. 506, 507 (1) (578 SE2d 165) (2003) (finding that unusual and illegal driving maneuver to avoid a roadblock provided sufficient evidence to justify the officer's suspicion of criminal activity); *Richards v. State*, 257 Ga. App. 358, 359 (1) (571 SE2d 172) (2002) (finding that driving in an unusual, unsafe, or furtive manner can provide reasonable suspicion). The trooper was investigating the SUV driver for making an abrupt turn into the parking lot and had decided to release her before he approached Jones. Although the trooper noticed Jones as he turned into the parking lot, the trooper did not recall that Jones made an abrupt turn. Without evidence of a specific driving violation or maneuver to support the officer's belief that Jones was trying to avoid the roadblock, we conclude that the trooper lacked reasonable suspicion to stop Jones. See *Jorgensen v. State*, 207 Ga. App. 545, 546 (428 SE2d 440) (1993) (finding no evidence of sharp driving maneuver, sudden turn or reduction in speed, or other evasive action to support officer's belief that defendant turned into apartment complex to avoid roadblock). Accordingly, we conclude that the traffic stop

violated the Fourth Amendment, and the evidence obtained as a result of the stop should have been suppressed.

Given our decision on the Fourth Amendment issue, the remaining enumeration of error is moot.

*Judgment reversed. All the Justices concur.*

DECIDED MAY 7, 2012.

*Head, Thomas, Webb & Willis, Gregory A. Willis*, for appellant.
*Robert Stokely, Solicitor-General, Natalie Ashman, Stephen J. Tuggle, Sandra N. Wisenbaker, Kimberly D. Sewell, Assistant Solicitors-General*, for appellee.