301 Ga. 60
FINAL COPY

S16G1162. WILLIAMS v. THE STATE.

MELTON, Presiding Justice.

In State v. Williams, 336 Ga. App. 97 (783 SE2d 700) (2016), the Court of Appeals reversed the trial court's grant of Michael Lloyd Williams' motion to suppress his statements to police following arrest. We granted certiorari to determine whether the Court of Appeals erred in reversing the trial court. For the reasons set forth below, we vacate the decision of the Court of Appeals and remand this case to the trial court for further proceedings.

The record reveals that, while investigating a burglary, Jenkins County Deputy Sheriff Wesley Aaron approached Williams. At some point during Deputy Aaron's conversation with Williams, Williams fled. Deputy Aaron arrested Williams for obstruction, and Williams, after being transported to the Jenkins County Jail and being informed of his Miranda rights, implicated himself in the burglary. Williams was indicted for burglary and obstruction of justice by fleeing. Williams moved to suppress his statements to police, and the

trial court held a <u>Jackson-Denno</u> hearing at which Deputy Aaron was the only witness to testify. The trial court ruled that Williams fled a first-tier encounter and that his subsequent arrest for obstruction was illegal and without probable cause.[1] Without making an express finding about the credibility of Deputy Aaron's testimony, the trial court stated in its order:

> The Court held a hearing on the matter, and now, having given full consideration to the evidence and the law, finds that the Defendant fled a first-tier encounter, something in [sic] which the Defendant was permitted to do under Georgia law, thus his subsequent arrest for obstruction was illegal and without probable [cause] thereby making any statement made after his arrest inadmissible.

Accordingly, the trial court granted Williams' motion to suppress.

On appeal, the Court of Appeals reviewed the testimony presented by Deputy Aaron and found additional facts that were not referenced by the trial court in its ruling on the motion to suppress. Specifically, the Court of Appeals

---

[1] "There are at least three types of police-citizen encounters: verbal communications that involve no coercion or detention [first tier]; brief stops or seizures that must be accompanied by a reasonable suspicion [second tier]; and arrests, which can be supported only by probable cause [third tier]." (Citation and punctuation omitted.) <u>Jones v. State</u>, 291 Ga. 35, 37 (1) (727 SE2d 456) (2012).

found that Williams became "agitated and fidgety" during the initial first-tier encounter and that Williams fled upon learning that he was a suspect, which constituted "other circumstances" which supported a second-tier brief investigatory stop by the officer.[2] Williams, supra, 336 Ga. App. at 98. The Court of Appeals also found that Deputy Aaron had probable cause to arrest Williams for obstruction because Williams disobeyed Deputy Aaron's instruction to stop when he ran away from Deputy Aaron. The Court of Appeals ultimately concluded that the arrest was legal due to the existence of probable cause and that the trial court erred in suppressing Williams' post-arrest statement. Accordingly, the Court of Appeals reversed the decision of the trial court.

However, in reviewing a trial court's ruling on a motion to suppress, an appellate court must bear in mind that,

---

[2] See, e.g., Lee v. State, 270 Ga. 798, 802-803 (7) (514 SE2d 1) (1999) (finding other circumstances beyond flight existed to raise at least an articulable suspicion that citizen was engaged in criminal behavior where "[a]t 5:00 a.m., [an experienced police officer] observed a vehicle exiting a business area where no residences were located, at a time when no businesses were open and where he believed there had been previous burglaries," and where the occupants of the vehicle fled upon seeing the officer's emergency lights).

[w]hen a motion to suppress is heard by the trial judge, that judge sits as the trier of facts. This principle is a settled one, and this Court has identified three corollaries of the principle, which limit the scope of review in appeals from a grant or denial of a motion to suppress in which the trial court has made express findings of disputed facts. First, an appellate court generally must accept those findings unless they are clearly erroneous. Second, an appellate court must construe the evidentiary record in the light most favorable to the factual findings and judgment of the trial court. And third, an appellate court generally must limit its consideration of the disputed facts to those expressly found by the trial court. We must focus on the facts found by the trial court *in its order*, as the trial court sits as the trier of fact.

(Citations and punctuation omitted; emphasis in original.) Hughes v. State, 296 Ga. 744, 746 (1) (770 SE2d 636) (2015). The Court of Appeals erred by assuming that the trial court must have accepted all of Deputy Aaron's testimony as true, and then, based on that erroneous assumption, going on to make its own additional factual findings that were not contained in the trial court's order to reverse the trial court's ruling on Williams' motion to suppress.

Although the trial court here was authorized to make credibility determinations with respect to Deputy Aaron, it did not expressly indicate in its order what credibility determinations it made as to Deputy Aaron's testimony. The trial court could have considered Deputy Aaron's testimony of

Williams' "agitated and fidgety" response and that he fled immediately upon being told he was a suspect and disbelieved it, and if that were the case, an appellate court would have to accept that credibility determination and uphold the trial court's grant of the motion to suppress. On the other hand, the trial court may have found factually that all of Deputy Aaron's testimony was credible, but concluded legally that insufficient "other circumstances" existed to elevate Williams' initial encounter with Deputy Aaron from a first-tier to a second-tier encounter or more.[3] If that were the case, the Court of Appeals again would have to accept the factual findings unless clearly erroneous, but it would review the legal conclusion de novo. However, the trial court's order offers us no guidance with respect to the determination that it made regarding Deputy Aaron's testimony.

"If the trial court has made express findings of fact, but not with sufficient detail to permit meaningful appellate review, an appellate court may remand for further findings." Hughes, supra, 296 Ga. at 746 (1), n. 6. In this

---

[3] We make no determination here as to whether the Court of Appeals properly concluded that the arrest here would have been proper based on the additional facts found by the Court of Appeals.

5

case, the trial court made almost no express findings of fact.[4] Given the uncertainty in the trial court's order regarding the basis for its ruling, this Court must vacate the opinion of the Court of Appeals and remand for the Court of Appeals to remand this case to the trial court for further clarification on the specific findings that form the basis for its legal conclusions with regard to Williams' motion to suppress. See, e.g., Parker v. State, 255 Ga. 167 (1) (336 SE2d 242) (1985).

Judgment vacated and case remanded with direction. All the Justices concur.

Decided May 1, 2017.

Certiorari to the Court of Appeals of Georgia — 336 Ga. App. 97

Robert L. Persse, Amy L. Ihrig, for appellant.

Richard A. Mallard, District Attorney, Keith A. McIntyre, Assistant District Attorney, for appellee.

---

[4] However, in its order, the trial court did accept as fact that Williams fled from his initial encounter with Deputy Aaron.