The Court of Appeals' analysis was both incomplete and beyond the scope of its proper review. We first outline the Court of Appeals' error in failing to cabin its review and then show how its analysis was flawed, although we ultimately affirm.
1. The Court of Appeals failed to apply the proper standard of review.
We have repeatedly said that on an appeal from the grant or denial of a motion to suppress, appellate courts must "focus on the facts found by the trial court in its order , as the trial court sits as the trier of fact." Hughes, 296 Ga. at 746 (1), 770 S.E.2d 636 (citation and punctuation omitted; emphasis in original). An appellate court may, however, "consider facts that definitively can be ascertained exclusively by reference to evidence that is uncontradicted and presents no questions of credibility, such as facts indisputably discernible from a videotape." State v. Allen, 298 Ga. 1, 2 (1) (a), 779 S.E.2d 248 (2015) (citation and punctuation omitted).
But here, the Court of Appeals supplemented the trial court's findings with additional findings of its own that relied on testimony that inherently presented questions of credibility and were not "indisputably discernable" from the video of the stop.[4] The Court of Appeals found that Deputy Patterson had training and experience in detecting the physical manifestations of recent marijuana use, and that he observed indications that Caffee recently used marijuana. Although Deputy Patterson testified about his experience detecting recent marijuana use and that Caffee's bloodshot, glassy eyes and "white and risen" taste buds on his tongue reflected such use, the trial court made no findings as to these points. The trial court was not required to accept Deputy Patterson's testimony on these issues, even though it was not contradicted. See Tate v. State, 264 Ga. 53, 56 (3), 440 S.E.2d 646 (1994) ("Credibility of witnesses and the weight to be given their testimony is a decision-making power that lies solely with the trier of fact. The trier of fact is not obligated to believe a witness even if the testimony is uncontradicted and may accept or reject any portion of the testimony."). We do not know why the trial court said nothing about whether Caffee exhibited signs of recent marijuana use, but we do know that it was not within the province of the Court of Appeals to make its own findings in this respect. See Williams v. State, 301 Ga. 60, 61, 799 S.E.2d 779 (2017) ("The Court of Appeals erred by assuming that the trial court must have accepted all of [the deputy's] testimony as true, and then, based on that erroneous assumption, going *391 on to make its own additional factual findings that were not contained in the trial court's order.").
2. The Court of Appeals' analysis was wrong, but its ultimate conclusion that the search was reasonable was correct.
The Court of Appeals affirmed the trial court's denial of Caffee's motion to suppress based on a determination that there was probable cause to search Caffee under the totality of the circumstances. In so doing, the Court of Appeals omitted any discussion of whether the warrantless search fell within an exception to the Fourth Amendment's warrant requirement.[5]
The Fourth Amendment guarantees "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures[.]" U.S. Const. Amend. IV. Ordinarily, a search is deemed to be reasonable when conducted pursuant to a judicial warrant, which the Fourth Amendment requires to be supported by probable cause. Id. ("[N]o Warrants shall issue, but upon probable cause, supported by Oath and affirmation[.]"); see also Mincey v. Arizona, 437 U.S. 385, 390, 98 S.Ct. 2408, 57 L.Ed.2d 290 (1978). Searches conducted without a warrant are unreasonable under the Fourth Amendment unless they fall within a well-established exception to the warrant requirement. Arizona v. Gant, 556 U.S. 332, 338, 129 S.Ct. 1710, 173 L.Ed.2d 485 (2009) ; Williams v. State, 296 Ga. 817, 819, 771 S.E.2d 373 (2015). Some such exceptions include searches conducted pursuant to consent, the existence of exigent circumstances, and searches incident to a lawful arrest. See Olevik v. State, 302 Ga. 228, 234 (2) (b), 806 S.E.2d 505 (2017) ; Williams, 296 Ga. at 819, 771 S.E.2d 373.
Valid consent to search obviates the need for either a warrant or probable cause, see Williams, 296 Ga. at 821, 771 S.E.2d 373, but most other warrantless searches require probable cause as a necessary precondition. See State v. Lejeune, 276 Ga. 179, 182 (2), 576 S.E.2d 888 (2003) (the "automobile exception" to warrant requirement must be supported by probable cause to search); Carranza v. State, 266 Ga. 263, 264-265 (1), 467 S.E.2d 315 (1996) (even where probable cause exists, a warrantless search of a person's home is prohibited absent exigent circumstances or consent). Even the search-incident-to-arrest exception requires some sort of probable cause, because this exception applies only if there is probable cause to arrest. See Rawlings v. Kentucky, 448 U.S. 98, 100 S.Ct. 2556, 65 L.Ed.2d 633 (1980).
When courts conduct a probable cause inquiry, it is important to remember that there are two different but analytically similar types of probable cause: the probable cause to arrest and the probable cause to search. As to how they are similar, both are governed by the same standard-a "fair probability" on which "reasonable and prudent people, not legal technicians, act"-and require "the same quantum of evidence." Florida v. Harris, 568 U.S. 237, 243-244, 133 S.Ct. 1050, 185 L.Ed.2d 61 (2013) (citation and punctuation omitted); United States v. Pabon, 871 F.3d 164, 181-182 (2d Cir. 2017) (citing Harris, 568 U.S. at 243-244, 133 S.Ct. 1050 ). A probable cause inquiry, regardless of whether in the context of a search or arrest, is a flexible and practical "assessment of probabilities" given a particular factual context. Harris, 568 U.S. at 243-244, 133 S.Ct. 1050 ; see also Smith v. State, 296 Ga. 731, 734 (2) (a), 770 S.E.2d 610 (2015) ("[T]he test for probable cause is ... based on the factual and practical considerations of everyday life on which reasonable and prudent men act." (citation and punctuation omitted) ).
Although the nature of the probable cause inquiry is the same for arrests and searches, the focus of the inquiry is different for each. See Pabon, 871 F.3d at 181-182. When reviewing whether a police officer had probable cause to search, the focus is on whether the available facts would *392 lead a person of reasonable caution to believe that contraband or evidence of a crime was present in the place that was searched. See Harris, 568 U.S. at 243, 133 S.Ct. 1050 ; Sullivan v. State, 284 Ga. 358, 360-361 (2), 667 S.E.2d 32 (2008). When considering whether a police officer had probable cause to arrest, a court must evaluate whether the facts and circumstances known to the police officer would have led a reasonable officer to believe that the suspect probably had committed, was committing, or was about to commit a crime. See Hughes, 296 Ga. at 748 (2), 770 S.E.2d 636 ; Devega v. State, 286 Ga. 448, 451 (4) (b), 689 S.E.2d 293 (2010).
Because the focus of the inquiry is different for arrests and searches, finding the existence of probable cause to search does not necessarily answer whether there is probable cause to arrest, or vice versa. See Pabon, 871 F.3d at 182 ; United States v. Savoca, 761 F.2d 292, 297 (6th Cir. 1985). But in some cases-especially a possession case like this one-it does; probable cause to believe that illegal drugs were secreted on Caffee's person was no different from probable cause to believe Caffee was committing the crime of possession of illegal drugs. And we know that when an officer has probable cause to believe a crime has been committed in his presence, the Fourth Amendment permits a police officer to make a warrantless arrest and perform a search of the suspect incident to that arrest. Virginia v. Moore, 553 U.S. 164, 177, 128 S.Ct. 1598, 170 L.Ed.2d 559 (2008) ; Smith v. State, 284 Ga. 304, 307 (3) (a), 667 S.E.2d 65 (2008). With these principles in mind, we turn to the Court of Appeals' analysis.
(a) The Court of Appeals erred by suggesting that probable cause was enough to justify the warrantless search.
Here, the Court of Appeals considered only whether there was probable cause to search. But Caffee squarely raised the issue of the warrant requirement, arguing that Deputy Patterson was not authorized to search his shirt pocket without a warrant. In failing to consider whether Deputy Patterson's warrantless search of Caffee's shirt pocket fell within an exception to the warrant requirement, the Court of Appeals held that probable cause by itself was sufficient to authorize a warrantless search. See Caffee, 341 Ga. App. at 362 (1), 801 S.E.2d 71. This was wrong; no amount of probable cause can justify a warrantless search absent an exception to the warrant requirement.[6] See Coolidge v. New Hampshire, 403 U.S. 443, 468, 91 S.Ct. 2022, 29 L.Ed.2d 564 (1971), overruled in part on other grounds by Horton v. California, 496 U.S. 128, 110 S.Ct. 2301, 110 L.Ed.2d 112 (1990).
(b) There was probable cause to arrest Caffee, which authorized the warrantless search as incident to the subsequent arrest.
Although the Court of Appeals' reasoning was incorrect, its ultimate judgment was correct. There was probable cause here-the probable cause to arrest Caffee for committing the crime of possession of marijuana. As a result, the warrantless search fell within the recognized search-incident-to-arrest exception to the warrant requirement, even though the search preceded the arrest.
In its order, the trial court determined that probable cause existed because Deputy Patterson observed the odor of marijuana only when he was near Caffee. Many appellate courts, this one included, have concluded that a police officer has probable cause to search when that officer, through training or experience, detects the smell of marijuana. See Douglas v. State, 303 Ga. 178, 180 (2), 811 S.E.2d 337 (2018) ; see also United States v. Humphries, 372 F.3d 653, 659 (4th Cir. 2004) ; United States v. Tobin, 923 F.2d 1506, 1512 (11th Cir. 1991). But as we stated above, probable cause to search is not the same as probable cause to arrest. To have probable cause to arrest, additional factors *393 must be present to show that a particular person is the source of the odor; that is, the arresting officer must have probable cause to believe that a particular person smells of marijuana because he is in possession of it. See United States v. Paige, 870 F.3d 693, 700 (7th Cir. 2017) ("We agree with [the Fourth and Eighth] circuits that the odor of marijuana, if sufficiently localized to a specific person, provides probable cause to arrest that person for the crime of marijuana possession."); see also United States v. Jackson, 682 Fed.Appx. 86, 87 (3d Cir. 2017) (noting that an officer has probable cause to arrest a defendant based on the smell of marijuana where its source is localized with sufficient particularity and concluding that probable cause existed where the odor of marijuana traveled with the defendant and the defendant appeared nervous and evasive).
Limiting our review to the facts found by the trial court in its order, the evidence established that the police had probable cause to arrest Caffee for possession of marijuana. Deputy Patterson was familiar with the smell of raw marijuana based on his training and experience. Before the search, he observed that an odor of raw marijuana was coming from Caffee's vehicle, the odor dissipated when Caffee was out of the vehicle, and the odor returned when Deputy Patterson returned to talk to Caffee after the vehicle search. Moreover, Deputy Patterson found two empty bottles smelling of raw marijuana during a search of Caffee's vehicle. These facts, which were known to Deputy Patterson prior to any search of Caffee's person, were sufficient to create probable cause to arrest Caffee for possession of marijuana.
We arrive at this conclusion on the strength of more than the mere nearby presence of the odor of marijuana. Criminal possession is not committed merely by being nearby the prohibited substance. Rather, it was law enforcement's ability to localize the odor of marijuana to Caffee's person that allows us to find probable cause to arrest for that crime. See Jackson, 682 Fed.Appx. at 87.
Having determined that Deputy Patterson had probable cause to arrest Caffee for possession of marijuana, the subsequent search of Caffee was valid as a search incident to arrest, even though it preceded any formal arrest. It is axiomatic that "a search incident to a lawful arrest may not precede the arrest and serve as part of its justification." Sibron v. New York, 392 U.S. 40, 67, 88 S.Ct. 1889, 20 L.Ed.2d 917 (1968) (emphasis supplied). But the search-incident-to-arrest exception authorizes pre-arrest searches if probable cause to arrest preexisted the search. In Rawlings, the Supreme Court held that law enforcement is authorized to conduct a warrantless search of a suspect whom they have probable cause to arrest for possession of drugs if the "formal arrest follow[s] quickly on the heels of the challenged search." 448 U.S. at 111, 100 S.Ct. 2556 ; see also Sibron, 392 U.S. at 77, 88 S.Ct. 1889 (Harlan, J., concurring) ("If the prosecution shows probable cause to arrest prior to a search of a man's person, it has met its total burden. There is no case in which a defendant may validly say, 'Although the officer had a right to arrest me at the moment when he seized me and searched my person, the search is invalid because he did not in fact arrest me until afterwards.' " (emphasis in original) ). The Rawlings Court was very clear that the warrantless search fell within the search-incident-to-arrest exception, and that it was not "particularly important that the search preceded the arrest rather than vice versa," because the "fruits of the search" were not necessary to support the probable cause to arrest. Rawlings, 448 U.S. at 111 and n. 6, 100 S.Ct. 2556.
Because Deputy Patterson had probable cause to arrest Caffee for possession of marijuana prior to the search, the search of Caffee's shirt pocket was authorized under the search-incident-to-arrest exception. See Kennebrew v. State, 299 Ga. 864, 870 (2) (a) (1), 792 S.E.2d 695 (2016) (a search incident to an arrest may include a search of the arrestee's person and the area within the arrestee's immediate control). We affirm the judgment of the Court of Appeals.
Judgment affirmed.
All the Justices concur.

There is no argument that the video contradicted Deputy Patterson's testimony on any material point, and the question of probable cause is largely dependent on factors that are not apparent from the video, such as the smell of raw marijuana.

At oral argument, Caffee confirmed that he was not challenging the constitutionality of the search under Article I, Section I, Paragraph XIII of the Georgia Constitution, which contains similar language to-and generally is interpreted consistently with-the Fourth Amendment. See Olevik v. State, 302 Ga. 228, 234 (2) (b), 806 S.E.2d 505 (2017).

In reaching its probable cause determination, the Court of Appeals relied on its own case law reviewing the existence of probable cause to support warrantless searches. See Caffee, 341 Ga. App. at 363 (1) n.12, 801 S.E.2d 71 (citing State v. Cannon, 253 Ga. App. 445, 447, 559 S.E.2d 76 (2002) ; Patman v. State, 244 Ga. App. 833, 835-836, 537 S.E.2d 118 (2000) ; Brooks v. State, 208 Ga. App. 680, 681 (1), 431 S.E.2d 466 (1993) ; Williams v. State, 187 Ga. App. 409, 412 (2), 370 S.E.2d 497 (1988) ). To the extent those cases can be read as concluding that probable cause alone is sufficient to authorize a warrantless search, they are disapproved.