A93A0081. BROOKS v. THE STATE.
(431 SE2d 466)

BLACKBURN, Judge.

Eddie Malcolm Brooks brings this appeal from his conviction of a violation of the Georgia Controlled Substances Act by possession of cocaine. The two enumerations of error challenge the trial court's denial of his motion to suppress evidence seized during a warrantless search of his person.

The record reveals that on January 10, 1992, at approximately 11:30 a.m., Sergeant David Godwin received a telephone call at his office from a confidential informant. The informant told Sergeant Godwin that a city employee, by the name of Eddie Brooks, was on his way to the College Street projects, to apartment 234, to meet with a man named Al. The informant stated that Brooks had told him that Al was supposed to sell Brooks a quantity of crack cocaine. The informant described Brooks as wearing a camouflage hat, camouflage jacket, and driving an older model white city pickup truck with a small yellow light on top of it. Sergeant Godwin testified at the hearing on the motion to suppress and at the trial that he had met the informant, but that the informant had not previously given information which led to an arrest. The evidence is disputed as to whether the informant had provided any information in the past.

After Sergeant Godwin received the information, he traveled to the College Street projects. Sergeant Godwin had prior knowledge that Alfred Leeks, a suspected drug dealer, lived in apartment 234. Upon his arrival, Sergeant Godwin noticed an older model city pickup truck with a little yellow light on top. Sergeant Godwin then called for assistance. At approximately 12:30, Agent Hobbs, reported that a subject fitting the description given was on his way to the truck and getting into it.

The agents stopped the truck which Brooks was driving. Brooks got out of the truck upon the request of Agent Hobbs. Agent Hobbs asked Brooks if he had any illegal weapons, to which Brooks stated no. Agent Hobbs then patted Brooks down for weapons and found nothing. Sergeant Godwin identified himself and asked the suspect his name. The suspect identified himself as Eddie Brooks. Sergeant Godwin asked Brooks if he had any drugs on him, to which Brooks stated no. Sergeant Godwin then asked Brooks for permission to search him. Brooks would not respond, but acted extremely nervous according to Sergeant Godwin. The sergeant testified: "He [Brooks] was acting real nervous, which usually people do when we stop them. If they've got drugs on them, they do start acting nervous because they know that's what we're there for. . . . He was acting nervous, extremely nervous, more so than just if the police stopped you." Sergeant Godwin searched Brooks for drugs. The search revealed a pocketknife and a cigar box. The bottom of the cigar box contained cocaine crumbs. Brooks was then arrested.

1. The first enumeration of error asserts that the search of Brooks was illegal and, therefore, the evidence obtained during the search should be suppressed. Brooks complains that the initial stop was not based upon reasonable suspicion because the informant had not been proven reliable. While an informant's veracity, reliability, and basis of knowledge are "highly relevant in determining the value of his report[, these elements are not] entirely separate and independent. requirements to be rigidly exacted in every case. . . . Rather, . . . they should be understood simply as closely intertwined issues that may usefully illuminate the common-sense, practical question whether there is 'probable cause' to believe that contraband or evidence is located in a particular place." *Illinois v. Gates*, 462 U. S. 213, 230 (103 SC 2317, 76 LE2d 527) (1983). See also *State v. Stephens*, 252 Ga. 181, 182 (311 SE2d 823) (1984).

For probable cause to search a person without a warrant, we must "look to the parameters of police knowledge at the time the search occurred to determine if that knowledge was such as would 'justify a man of reasonable caution in believing that an offense has been or is being committed, and this requires merely a probability — less than a certainty but more than a mere suspicion or possibility. (Cits.)' [Cits.]" *Bogan v. State*, 165 Ga. App. 851, 852 (303 SE2d 48) (1983); *Durden v. State*, 250 Ga. 325 (1) (297 SE2d 237) (1982). The reviewing court "must determine under the 'totality of the circumstances' whether the evidence in this case showed a fair probability that contraband or evidence of a crime would be found in a particular place. [Cit.]" *Butler v. State*, 185 Ga. App. 478, 479 (364 SE2d 612) (1988). See also *Illinois v. Gates*, 462 U. S. at 238; *State v. Stephens*, supra.

Brooks relies primarily upon this court's decision in *Moreland v. State*, 204 Ga. App. 218 (418 SE2d 788) (1992) to assert that the initial stop was not based upon reasonable suspicion. The *Moreland* decision rested upon a very specific set of facts, clearly distinguishable from this case. In *Moreland*, a police officer made a traffic stop and conducted a search of persons inside the car based solely upon a vague tip from an anonymous caller. In the present case, it is undisputed that Sergeant Godwin knew the informant, therefore, the informant was not an anonymous tipster. The informant described in detail what Brooks was wearing, driving and where he could be found. Additionally, Sergeant Godwin verified that a man wearing a camouflage hat and jacket and driving an older model city pickup truck with a small yellow light on the top was at the College Street projects near apartment 234. This verified information and the sergeant's independent knowledge that a suspected drug dealer lived in apartment 234 of the College Street projects, combined with the fact that the informant stated that the suspect told him that the suspect was going to buy drugs, created a reasonable suspicion to detain Brooks. *Terry v. Ohio*, 392 U. S. 1 (88 SC 1868, 20 LE2d 889) (1968).

Once Brooks was detained, Sergeant Godwin verified Brooks' identity and observed Brooks' "extremely nervous" demeanor. Under the totality of the circumstances in this case, we find a substantial basis for probable cause to have existed for a pat-down for weapons and a search for drugs.

2. Brooks' final enumeration asserts that the evidence presented during the motion to suppress hearing together with the evidence presented at the trial requires suppression of the evidence. This enumeration is apparently based upon the conflict in the evidence as to whether the informant had provided information in the past. As discussed above, an informant's reliability should be considered in light of the totality of the circumstances. *Illinois v. Gates*, supra, 462 U. S. at 238; *State v. Stephens*, supra at 182. Furthermore, the Supreme Court has held that "[f]actual and credibility determinations of this sort made by a trial judge after a suppression hearing must be accepted by appellate courts unless such determinations are clearly erroneous. [Cits.]" *Johnson v. State*, 233 Ga. 58 (209 SE2d 629) (1974). After consideration of the evidence presented during the hearing on the motion to suppress and at trial, this court finds that the trial court's factual determinations were not clearly erroneous. Accordingly, Brooks' second enumeration is also without merit.

*Judgment affirmed. Johnson and Smith, JJ., concur.*

DECIDED MAY 24, 1993.

*T. Mark Thedieck*, for appellant.

*H. Lamar Cole, District Attorney, James E. Hardy, Mark E. Mitchell, Assistant District Attorneys*, for appellee.