NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 15-2760
_____

UNITED STATES OF AMERICA

v.

ESAIAS JACKSON, a/k/a Esaias Ali

Esaias Jackson,
                          Appellant
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(E.D. Pa. No. 2-14-cr-00619-001)
District Judge:  Hon. Stewart Dalzell
_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
October 24, 2016

Before:  VANASKIE, KRAUSE, and NYGAARD, *Circuit Judges*.

(Filed: March 15, 2017)
_____

OPINION[*]
_____

VANASKIE, *Circuit Judge.*

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

This appeal arises from the District Court's denial of Appellant Esaias Jackson's motion to suppress evidence found on his person at the time of his arrest. The District Court held that a law enforcement officer had probable cause to arrest Jackson, and thus the evidence found during the subsequent search was admissible. Jackson entered a conditional plea of guilty, preserving his right to appeal the denial of his suppression motion. Because there was probable cause to arrest Jackson, we will affirm the denial of the suppression motion and the ensuing judgment of conviction.

I.

On May 22, 2014, SEPTA Transit Police Officer Alexander Moldavskiy was riding a Philadelphia subway car when he smelled the strong odor of marijuana but could not immediately pinpoint the source. According to Moldavskiy's testimony, when he made eye-contact with Esais Jackson, who was sitting nearby, Jackson left his seat and headed toward the center of the train. Because the smell of marijuana dissipated as Jackson moved away, Moldavskiy decided to follow him to the middle of the car. While standing near Jackson, Moldavskiy again detected the odor of marijuana. Once more Jackson stepped away, and once more the odor disappeared.

This sequence confirmed Moldavskiy's suspicion that Jackson was the source of the odor. Moldavskiy asked Jackson to exit the train with him at the next stop. After initially complying, Jackson immediately fled when on the subway platform. Moldavskiy caught Jackson and attempted to wrestle him to the ground. During the tussle, a 30-round extended magazine fell from Jackson's shorts. When Moldavskiy handcuffed Jackson, he also noticed a pistol tucked into the back of Jackson's pants.

2

Moldavskiy then performed a full pat-down of Jackson and seized Percocet pills, three sandwich bags of marijuana, one of which was open, and $238 in cash.

As trial approached, Jackson filed a motion to suppress this evidence, which the District Court denied after a hearing. The District Court concluded that Moldavskiy had the necessary probable cause to arrest Jackson and lawfully seize the evidence at issue. Under a plea agreement, Jackson entered a conditional plea of guilty to one count of possession of a firearm by a convicted felon, with the understanding that he could appeal the suppression ruling. Jackson was sentenced to 184 months in prison and a five year period of supervised release, with an additional fine. Jackson filed a timely appeal challenging the District Court's decision on his suppression motion.

## II.

The District Court had jurisdiction under 18 U.S.C. § 3231. We have jurisdiction to review this appeal under 28 U.S.C. § 1291. We review the District Court's underlying findings of fact for clear error and exercise plenary review over the application of law to those facts. *United States v. Perez*, 280 F.3d 318, 336 (3d Cir. 2002).

Because the search of Jackson took place incident to arrest, our decision turns on whether Moldavskiy had probable cause to arrest Jackson. *See United States v. Robinson*, 414 U.S. 218, 226 (1973) (officers have the authority to search the person of an arrestee incident to a lawful arrest). Probable cause to arrest exists when the "facts and circumstances within the officer's knowledge . . . are sufficient to warrant a prudent person, or one of reasonable caution, [to believe] . . . that the suspect has committed, is

3

committing, or is about to commit an offense." *Michigan v. DeFillippo*, 443 U.S. 31, 37 (1979).

In *United States v. Ramos*, we explained that it is "well settled that the smell of marijuana alone" can be enough to establish probable cause for an arrest. 443 F.3d 304, 308 (3d Cir. 2006). So long as an officer smells the odor of marijuana and can localize its source with sufficient particularity, probable cause has been established. *Id.* (citing *United States v. Humphries*, 372 F.3d 653, 658 (4th Cir. 2004)). In *Ramos*[1] we concluded that the odor of marijuana was "sufficiently particularized" where the officers "smelled an identifiable marijuana odor" within three or four feet of defendants' car and, relying on their skill and experience, concluded that the odor was coming from the vehicle. *Id.* at 308–09.

Jackson asserts that the odor of marijuana in the case at hand was not "sufficiently particularized" to support probable cause, and thus does not fall within our holding in *Ramos*. This is incorrect. Case law within this Circuit and others has concluded that so long as the smell of marijuana can be particularized to a specific person or place, it is sufficient to establish probable cause. *See Ramos,* 443 F.3d at 309 n. 6; *Humphries*, 372 F.3d at 659; *United States v. Parker*, 72 F.3d 1444, 1450 (10th Cir.1995).

Following this principle, the District Court concluded that Officer Moldavskiy's testimony provided ample support for the proposition that a reasonable officer under the

---

[1] We acknowledge that the holding in *Ramos* dealt with the lower standard of reasonable suspicion but its precedent is instructive in understanding what constitutes "sufficient particularity." *Ramos* also stands for the conclusion that the smell of marijuana alone can establish probable cause.

4

circumstances would believe that Jackson was in possession of marijuana. Moldavskiy testified that the odor of marijuana traveled with Jackson: When Jackson was nearby, the odor was present; when Jackson moved away, it dissipated. Jackson also appeared nervous and evasive when Moldavskiy moved toward him, evading eye contact. The District Court found that Moldavskiy's testimony was both credible and supported by ample evidence in the record. *See United States v. Ortiz,* 422 U.S. 891, 897–98 (1975) (holding that officers are entitled to draw reasonable inferences based on their knowledge and experience); *United States v. Brown,* 159 F.3d 147, 149 (3d Cir. 1998) (deference should be given to an officer's conclusions based on his or her experience). On this record, the District Court had an ample foundation for finding that Moldavskiy had probable cause to arrest Jackson.[2] Accordingly, the District Court did not err in denying Jackson's suppression motion.

## III.

For the reasons set forth herein, we will affirm the District Court's denial of Jackson's suppression motion and Jackson's judgment of conviction.

---

[2] The government argues in its brief that the same conclusion could be reached regarding the legality of the seizure if the less stringent standard of reasonable suspicion were employed because Moldavskiy could have conducted an investigatory stop. *See Terry v. Ohio*, 392 U.S. 1 (1968). Because we hold that the District Court's finding of probable cause was not in error, we need not consider whether Moldavskiy had reasonable suspicion.

5