303 Ga. 557
FINAL COPY

S17G1691. CAFFEE v. THE STATE.

PETERSON, Justice.

We granted certiorari to consider whether the warrantless search of Richard Caffee resulting in the discovery of marijuana was authorized by an exception to the Fourth Amendment's warrant requirement. The Court of Appeals concluded that the warrantless search was permissible because it was supported by probable cause to believe that marijuana would be found on Caffee. See Caffee v. State, 341 Ga. App. 360 (801 SE2d 71) (2017). Absent consent, probable cause generally is a necessary condition to support a warrantless search of a person, but it is not by itself sufficient; a warrantless search must also fall within a recognized exception to the warrant requirement. To the extent the Court of Appeals suggested otherwise, it was wrong. We nevertheless affirm because the warrantless search was permissible as a search incident to arrest — even though it preceded the formal arrest — as the police

officer had developed probable cause to arrest Caffee for possession of marijuana before conducting the search.

When reviewing the grant or denial of a motion to suppress, an appellate court must construe the evidentiary record in the light most favorable to the trial court's factual findings and judgment. Hughes v. State, 296 Ga. 744, 746 (1) (770 SE2d 636) (2015). An appellate court also "generally must limit its consideration of the disputed facts to those expressly found by the trial court." Id.

Viewing the evidence in that light, the record shows that on November 1, 2015, Deputy Mark Patterson pulled over Caffee's truck for having an expired tag. During the stop, Deputy Patterson smelled the odor of raw marijuana coming from Caffee's truck. Deputy Patterson testified that, based upon his training and experience, he was familiar with the smell of raw marijuana.

After Caffee exited the truck, Deputy Patterson asked Caffee if he had marijuana in the truck. Caffee said no. Deputy Patterson decided to search Caffee's truck for drugs but waited for another officer to arrive. While waiting, Deputy Patterson conducted a pat-down search of Caffee, but found no weapons or contraband. When back-up arrived, Deputy Patterson searched the entire

truck and found only two small empty bottles that smelled of marijuana.[1] According to Deputy Patterson, the odor of raw marijuana dissipated from the truck during the search while the doors were open. When Deputy Patterson approached Caffee to ask about the two containers found in the truck, Patterson again smelled the odor of raw marijuana. Deputy Patterson searched Caffee's outer clothing and found in Caffee's shirt pocket a small plastic bag containing less than an ounce of marijuana. Caffee did not consent to any of the searches. Caffee was arrested and charged with possession of marijuana and driving with an expired tag.

Following a hearing on Caffee's motion to suppress at which Deputy Patterson testified as the sole witness and a video of the stop was introduced, the court rejected the State's argument that Patterson's search of Caffee's shirt pocket was a lawful pat-down search under Terry v. Ohio, 392 U. S. 1 (88 SCt 1868, 20 LE2d 889) (1968). The trial court nevertheless concluded that

---

[1] Law enforcement may conduct a warrantless search of a lawfully stopped vehicle where probable cause exists to believe the vehicle contains contraband, and the scope of the search may include any containers in the vehicle that may conceal the object of the search. See United States v. Ross, 456 U. S. 798 (102 SCt 2157, 72 LE2d 572) (1982). Caffee does not challenge the warrantless search of his vehicle.

Patterson had probable cause to search Caffee's shirt pocket under the totality of the circumstances.[2]

The Court of Appeals granted Caffee's application for interlocutory appeal and affirmed the trial court's ruling that the search of Caffee's clothing was valid. Caffee, 341 Ga. App. at 360. The Court of Appeals concluded that the police officer had probable cause to believe that marijuana would be found on Caffee's person because the officer had training and experience in detecting the odor of raw marijuana and physical manifestations of recent marijuana use, observed that Caffee had indications of recent marijuana use (e.g., bloodshot and glassy eyes and "white and risen" taste buds), smelled raw marijuana when he approached Caffee's truck, noticed that the odor dissipated during the search of the truck while the doors were open and Caffee was outside the vehicle, did not find marijuana in the truck, and smelled marijuana "pretty strongly" upon approaching Caffee after the vehicle search. Id. at 362-363 (1).[3]

_____

[2] The trial court also concluded that the initial stop was valid, the warrantless search of Caffee's truck was justified based on the odor of marijuana, and there was no unreasonable delay or unconstitutional expansion of the initial traffic stop.

[3] The Court of Appeals also rejected Caffee's claim that the officer exceeded the scope of the initial stop and unnecessarily prolonged the stop to conduct a search of Caffee's shirt. Id. at 363-364 (2). These conclusions are not challenged here.

4

The Court of Appeals' analysis was both incomplete and beyond the scope of its proper review. We first outline the Court of Appeals' error in failing to cabin its review and then show how its analysis was flawed, although we ultimately affirm.

1. *The Court of Appeals failed to apply the proper standard of review.*

We have repeatedly said that on an appeal from the grant or denial of a motion to suppress, appellate courts must "focus on the facts found by the trial court *in its order*, as the trial court sits as the trier of fact." Hughes, 296 Ga. at 746 (1) (citation and punctuation omitted; emphasis in original). An appellate court may, however, "consider facts that definitively can be ascertained exclusively by reference to evidence that is uncontradicted and presents no questions of credibility, such as facts indisputably discernible from a videotape." State v. Allen, 298 Ga. 1, 2 (1) (a) (779 SE2d 248) (2015) (citation and punctuation omitted).

But here, the Court of Appeals supplemented the trial court's findings with additional findings of its own that relied on testimony that inherently presented questions of credibility and were not "indisputably discernable" from

5

the video of the stop.[4] The Court of Appeals found that Deputy Patterson had training and experience in detecting the physical manifestations of recent marijuana use, and that he observed indications that Caffee recently used marijuana. Although Deputy Patterson testified about his experience detecting recent marijuana use and that Caffee's bloodshot, glassy eyes and "white and risen" taste buds on his tongue reflected such use, the trial court made no findings as to these points. The trial court was not required to accept Deputy Patterson's testimony on these issues, even though it was not contradicted. See Tate v. State, 264 Ga. 53, 56 (3) (440 SE2d 646) (1994) ("Credibility of witnesses and the weight to be given their testimony is a decision-making power that lies solely with the trier of fact. The trier of fact is not obligated to believe a witness even if the testimony is uncontradicted and may accept or reject any portion of the testimony."). We do not know why the trial court said nothing about whether Caffee exhibited signs of recent marijuana use, but we do know that it was not within the province of the Court of Appeals to make its own findings in this respect. See Williams v. State, 301 Ga. 60, 61 (799 SE2d 779)

---

[4] There is no argument that the video contradicted Deputy Patterson's testimony on any material point, and the question of probable cause is largely dependent on factors that are not apparent from the video, such as the smell of raw marijuana.

(2017) ("The Court of Appeals erred by assuming that the trial court must have accepted all of [the deputy's] testimony as true, and then, based on that erroneous assumption, going on to make its own additional factual findings that were not contained in the trial court's order.").

2. *The Court of Appeals' analysis was wrong, but its ultimate conclusion that the search was reasonable was correct.*

The Court of Appeals affirmed the trial court's denial of Caffee's motion to suppress based on a determination that there was probable cause to search Caffee under the totality of the circumstances. In so doing, the Court of Appeals omitted any discussion of whether the warrantless search fell within an exception to the Fourth Amendment's warrant requirement.[5]

The Fourth Amendment guarantees "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures[.]" U. S. Const. Amend. IV. Ordinarily, a search is deemed to be reasonable when conducted pursuant to a judicial warrant, which the Fourth Amendment requires to be supported by probable cause. Id. ("[N]o Warrants

---

[5] At oral argument, Caffee confirmed that he was not challenging the constitutionality of the search under Article I, Section I, Paragraph XIII of the Georgia Constitution, which contains similar language to — and generally is interpreted consistently with — the Fourth Amendment. See Olevik v. State, 302 Ga. 228, 234 (2) (b) (806 SE2d 505) (2017).

shall issue, but upon probable cause, supported by Oath and affirmation[.]"); see also Mincey v. Arizona, 437 U. S. 385, 390 (98 SCt 2408, 57 LE2d 290) (1978). Searches conducted without a warrant are unreasonable under the Fourth Amendment unless they fall within a well-established exception to the warrant requirement. Arizona v. Gant, 556 U. S. 332, 338 (129 SCt 1710, 173 LE2d 485) (2009); Williams v. State, 296 Ga. 817, 819 (771 SE2d 373) (2015). Some such exceptions include searches conducted pursuant to consent, the existence of exigent circumstances, and searches incident to a lawful arrest. See Olevik v. State, 302 Ga. 228, 234 (2) (b) (806 SE2d 505) (2017); Williams, 296 Ga. at 819.

Valid consent to search obviates the need for either a warrant or probable cause, see Williams, 296 Ga. at 821, but most other warrantless searches require probable cause as a necessary precondition. See State v. Lejeune, 276 Ga. 167, 182 (2) (576 SE2d 888) (2003) (the "automobile exception" to warrant requirement must be supported by probable cause to search); Carranza v. State, 266 Ga. 263, 264-265 (1) (467 SE2d 315) (1996) (even where probable cause exists, a warrantless search of a person's home is prohibited absent exigent circumstances or consent). Even the search-incident-to-arrest exception requires

8

some sort of probable cause, because this exception applies only if there is probable cause to arrest. See Rawlings v. Kentucky, 448 U. S. 98 (100 SCt 2556, 65 LE2d 633) (1980).

When courts conduct a probable cause inquiry, it is important to remember that there are two different but analytically similar types of probable cause: the probable cause to arrest and the probable cause to search. As to how they are similar, both are governed by the same standard — a "fair probability" on which "reasonable and prudent people, not legal technicians, act" — and require "the same quantum of evidence." Florida v. Harris, 568 U. S. 237, 243-244 (133 SCt 1050, 185 LE2d 61) (2013) (citation and punctuation omitted); United States v. Pabon, 871 F3d 164, 181-182 (2d Cir. 2017) (citing Harris, 568 U. S. at 243-244). A probable cause inquiry, regardless of whether in the context of a search or arrest, is a flexible and practical "assessment of probabilities" given a particular factual context. Harris, 568 U. S. at 243-244; see also Smith v. State, 296 Ga. 731, 734 (2) (a) (770 SE2d 610) (2015) ("[T]he test for probable cause is . . . based on the factual and practical considerations of everyday life on which reasonable and prudent men act." (citation and punctuation omitted)).

Although the nature of the probable cause inquiry is the same for arrests and searches, the focus of the inquiry is different for each. See Pabon, 871 F3d at 181-182. When reviewing whether a police officer had probable cause to search, the focus is on whether the available facts would lead a person of reasonable caution to believe that contraband or evidence of a crime was present in the place that was searched. See Harris, 568 U. S. at 243; Sullivan v. State, 284 Ga. 358, 360-361 (2) (667 SE2d 32) (2008). When considering whether a police officer had probable cause to arrest, a court must evaluate whether the facts and circumstances known to the police officer would have led a reasonable officer to believe that the suspect probably had committed, was committing, or was about to commit a crime. See Hughes, 296 Ga. at 748 (2); Devega v. State, 286 Ga. 448, 451 (4) (b) (689 SE2d 293) (2010).

Because the focus of the inquiry is different for arrests and searches, finding the existence of probable cause to search does not necessarily answer whether there is probable cause to arrest, or vice versa. See Pabon, 871 F3d at 182; United States v. Savoca, 761 F2d 292, 297 (6th Cir. 1985). But in some cases — especially a possession case like this one — it does; probable cause to believe that illegal drugs were secreted on Caffee's person was no different from

probable cause to believe Caffee was committing the crime of possession of illegal drugs. And we know that when an officer has probable cause to believe a crime has been committed in his presence, the Fourth Amendment permits a police officer to make a warrantless arrest and perform a search of the suspect incident to that arrest. Virginia v. Moore, 553 U. S. 164, 177 (128 SCt 1598, 170 LE2d 559) (2008); Smith v. State, 284 Ga. 304, 307 (3) (a) (667 SE2d 65) (2008). With these principles in mind, we turn to the Court of Appeals' analysis.

(a) *The Court of Appeals erred by suggesting that probable cause was enough to justify the warrantless search.*

Here, the Court of Appeals considered only whether there was probable cause to search. But Caffee squarely raised the issue of the warrant requirement, arguing that Deputy Patterson was not authorized to search his shirt pocket without a warrant. In failing to consider whether Deputy Patterson's warrantless search of Caffee's shirt pocket fell within an exception to the warrant requirement, the Court of Appeals held that probable cause by itself was sufficient to authorize a warrantless search. See Caffee, 341 Ga. App. at 362 (1). This was wrong; no amount of probable cause can justify a warrantless search

11

absent an exception to the warrant requirement.[6] See <u>Coolidge v. New Hampshire</u>, 403 U. S. 443, 468 (91 SCt 2022, 29 LE2d 564) (1971), overruled in part on other grounds by <u>Horton v. California</u>, 496 U. S. 128 (110 SCt 2301, 110 LE2d 112) (1990).

(b) *There was probable cause to arrest Caffee, which authorized the warrantless search as incident to the subsequent arrest.*

Although the Court of Appeals' reasoning was incorrect, its ultimate judgment was correct. There was probable cause here — the probable cause to arrest Caffee for committing the crime of possession of marijuana. As a result, the warrantless search fell within the recognized search-incident-to-arrest exception to the warrant requirement, even though the search preceded the arrest.

In its order, the trial court determined that probable cause existed because Deputy Patterson observed the odor of marijuana only when he was near Caffee.

---

[6] In reaching its probable cause determination, the Court of Appeals relied on its own case law reviewing the existence of probable cause to support warrantless searches. See <u>Caffee</u>, 341 Ga. App. at 363 (1) n.12 (citing <u>State v. Cannon</u>, 253 Ga. App. 445, 447 (559 SE2d 76) (2002); <u>Patman v. State</u>, 244 Ga. App. 833, 835-836 (537 SE2d 118) (2000); <u>Brooks v. State</u>, 208 Ga. App. 680, 681 (1) (431 SE2d 466) (1993); <u>Williams v. State</u>, 187 Ga. App. 409, 412 (2) (370 SE2d 497) (1988)). To the extent those cases can be read as concluding that probable cause alone is sufficient to authorize a warrantless search, they are disapproved.

Many appellate courts, this one included, have concluded that a police officer has probable cause to search when that officer, through training or experience, detects the smell of marijuana. See Douglas v. State, 303 Ga. 178, 180 (2) (811 SE2d 337) (2018); see also United States v. Humphries, 372 F3d 653, 659 (4th Cir. 2004); United States v. Tobin, 923 F2d 1506, 1512 (11th Cir. 1991). But as we stated above, probable cause to search is not the same as probable cause to arrest. To have probable cause to arrest, additional factors must be present to show that a particular person is the source of the odor; that is, the arresting officer must have probable cause to believe that a particular person smells of marijuana because he is in possession of it. See United States v. Paige, 870 F3d 693, 700 (7th Cir. 2017) ("We agree with [the Fourth and Eighth] circuits that the odor of marijuana, if sufficiently localized to a specific person, provides probable cause to arrest that person for the crime of marijuana possession."); see also United States v. Jackson, 682 Fed. Appx. 86, 87 (3d Cir. 2017) (noting that an officer has probable cause to arrest a defendant based on the smell of marijuana where its source is localized with sufficient particularity and concluding that probable cause existed where the odor of marijuana traveled with the defendant and the defendant appeared nervous and evasive).

Limiting our review to the facts found by the trial court in its order, the evidence established that the police had probable cause to arrest Caffee for possession of marijuana. Deputy Patterson was familiar with the smell of raw marijuana based on his training and experience. Before the search, he observed that an odor of raw marijuana was coming from Caffee's vehicle, the odor dissipated when Caffee was out of the vehicle, and the odor returned when Deputy Patterson returned to talk to Caffee after the vehicle search. Moreover, Deputy Patterson found two empty bottles smelling of raw marijuana during a search of Caffee's vehicle. These facts, which were known to Deputy Patterson prior to any search of Caffee's person, were sufficient to create probable cause to arrest Caffee for possession of marijuana.

We arrive at this conclusion on the strength of more than the mere nearby presence of the odor of marijuana. Criminal possession is not committed merely by being nearby the prohibited substance. Rather, it was law enforcement's ability to localize the odor of marijuana *to Caffee's person* that allows us to find probable cause to arrest for that crime. See Jackson, 682 Fed. Appx. at 87.

Having determined that Deputy Patterson had probable cause to arrest Caffee for possession of marijuana, the subsequent search of Caffee was valid

as a search incident to arrest, even though it preceded any formal arrest. It is axiomatic that "a search incident to a lawful arrest may not precede the arrest *and* serve as part of its justification." Sibron v. New York, 392 U. S. 40, 67 (88 SCt 1889, 20 LE2d 917) (1968) (emphasis supplied). But the search-incident-to-arrest exception authorizes pre-arrest searches if probable cause to arrest preexisted the search. In Rawlings, the Supreme Court held that law enforcement is authorized to conduct a warrantless search of a suspect whom they have probable cause to arrest for possession of drugs if the "formal arrest follow[s] quickly on the heels of the challenged search." 448 U. S. at 111; see also Sibron, 392 U. S. at 77 (Harlan, J., concurring) ("If the prosecution shows probable cause to arrest prior to a search of a man's person, it has met its total burden. There is *no* case in which a defendant may validly say, 'Although the officer had a right to arrest me at the moment when he seized me and searched my person, the search is invalid because he did not in fact arrest me until afterwards.'" (emphasis in original)). The Rawlings Court was very clear that the warrantless search fell within the search-incident-to-arrest exception, and that it was not "particularly important that the search preceded the arrest rather

15

than vice versa," because the "fruits of the search" were not necessary to support the probable cause to arrest. Rawlings, 448 U. S. at 111 and n. 6.

Because Deputy Patterson had probable cause to arrest Caffee for possession of marijuana prior to the search, the search of Caffee's shirt pocket was authorized under the search-incident-to-arrest exception. See Kennebrew v. State, 299 Ga. 864, 870 (2) (a) (1) (792 SE2d 695) (2016) (a search incident to an arrest may include a search of the arrestee's person and the area within the arrestee's immediate control). We affirm the judgment of the Court of Appeals.

Judgment affirmed. All the Justices concur.

Decided May 7, 2018.

Certiorari to the Court of Appeals of Georgia — 341 Ga. App. 360.

Gregory A. Hicks, for appellant.

Jessica K. Moss, Solicitor-General, Carlton T. Hayes, David M. McElyea, Assistant Solicitors-General, for appellee.