**FIFTH DIVISION**
**MCFADDEN, P. J.,**
**GOBEIL and PINSON, JJ.**

**NOTICE: Motions for reconsideration must be** *physically received* **in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

**May 25, 2022**

# In the Court of Appeals of Georgia

A22A0460. THE STATE v. MATHEWS.

MCFADDEN, Presiding Judge.

After stopping Ivan Mathews for a traffic violation, a police officer began a broader criminal investigation based on his belief that he smelled marijuana when he approached Mathews' vehicle. That broader investigation ultimately led to a warrantless search of the vehicle without Mathews' consent. The trial court granted Mathews' motion to suppress evidence seized in the search on the ground that the state had not shown that, at the time of the stop, the officer had been trained to detect the odor of marijuana. But the officer testified that he did have some experience in detecting the odor of marijuana, and that experience could also provide the reasonable articulable suspicion needed for the broader investigation. Because the trial court

made no express findings of fact about the officer's experience, we vacate the order suppressing the evidence and remand the case to the trial court.

1. *Facts and procedural history.*

"When reviewing the grant or denial of a motion to suppress, an appellate court must construe the evidentiary record in the light most favorable to the trial court's factual findings and judgment. An appellate court also generally must limit its consideration of the disputed facts to those expressly found by the trial court." *Caffee v. State*, 303 Ga. 557 (814 SE2d 386) (2018) (citations and punctuation omitted). "These principles apply equally whether the trial court ruled in favor of the [s]tate or the defendant." *State v. Hinton*, 309 Ga. 457, 457-458 (847 SE2d 188) (2020) (citation and punctuation omitted).

So viewed, the evidence shows that on August 18, 2020, a police officer stopped a vehicle driven by Mathews for failing to maintain its lane of travel. See OCGA § 40-6-48. The officer approached the vehicle, asked Mathews for his identification and registration, and told him why he had been stopped. Then, prompted by his belief that he had smelled the odor of unburnt marijuana, the officer converted the traffic stop into a drug investigation.

Although the trial court made no express findings on what occurred after that point, it appears to be undisputed that the officer asked another officer with a drug dog to come to the scene, and when the drug dog arrived it alerted to the presence of marijuana. Law enforcement officers then searched Mathews' vehicle without his consent, finding marijuana and handguns. Mathews was arrested and charged with possession of marijuana with the intent to distribute, OCGA § 16-13-30 (j), and possession of a firearm during the commission of a felony, OCGA § 16-11-106.

Mathews sought to suppress the marijuana and handguns, arguing among other things, that the vehicle search violated his Fourth Amendment rights because the officer had unlawfully detained him until the drug dog's alert by prolonging the traffic stop. The trial court agreed. The state was not authorized to convert the traffic stop into a drug investigation, the trial court concluded, because it had not satisfied its burden of showing reasonable articulable suspicion. It had not satisfied that burden because the officer's "belief that he smelled the odor of unburnt marijuana [was] not supported by the evidence." That belief was unsupported because there was no convincing evidence that, before the traffic stop on August 18, 2020, the officer had received training on detecting the odor of marijuana.

3

In her order, the trial court made express factual findings about the officer's lack of training. To the extent the officer testified otherwise on the issue of his training, as the state asserts, the trial court was not required to accept that testimony. See *Caffee*, 303 Ga. at 559 (1). We must "assume that the trial court rejected the credibility of the officer to the extent that the officer's testimony is inconsistent with the court's decision." *State v. Mathis*, 338 Ga. App. 86, 91 (1) (789 SE2d 336) (2016).

The officer also testified at the hearing on Mathews' motion about his experience detecting the odor of marijuana. But in her order, the trial court made no express factual findings on that point, stating only that Mathews had "not raised any issue as to [the officer's] experience." Instead, the trial court held that the officer's lack of training was dispositive.

The trial court acknowledged that the officer had testified about other details of the traffic stop that, the state argued, supported a reasonable articulable suspicion of illegal drug activity. Without evidence that the officer smelled marijuana, the trial court held, those other factors were not enough to provide the necessary reasonable suspicion.

2. *Analysis.*

4

"The [s]tate bears the burden of proving that the search of [Mathews'] car was lawful, and to carry this burden, the [s]tate must show that it was lawful to detain [Mathews] until the time the drug dog indicated the presence of drugs." *Dominguez v. State*, 310 Ga. App. 370, 372 (714 SE2d 25) (2011) (citation omitted). And

> [a] dog sniff of a traffic-stopped vehicle is not fairly characterized as part of the officer's traffic mission, because it is a measure aimed at detecting evidence of ordinary criminal wrongdoing. Consequently, prolonging a traffic stop in order to conduct an open-air dog sniff renders the seizure unlawful, even if that process adds very little time to the stop.

*State v. Allen*, 298 Ga. 1, 5 (2) (a) (779 SE2d 248) (2015) (citations and punctuation omitted). An officer may convert the traffic stop to a broader criminal investigation only if the officer had reasonable articulable suspicion of other criminal activity. See *McNeil v. State*, 362 Ga. App. 85, 90 (866 SE2d 249) (2021).

The state argues that the officer did not unlawfully prolong the traffic stop because the traffic stop was ongoing when the drug dog arrived at the scene and alerted to Mathews' vehicle. But the trial court expressly found that the officer began the drug investigation as soon as he approached the vehicle and smelled what he believed to be marijuana. The officer admitted as much at the hearing. When asked

5

by the state whether his "approach to the case" changed "[o]n approach to the vehicle and after detecting the odor of marijuana," the officer responded, "[y]eah, it turned into a drug investigation." Because the trial court found that the purpose of the investigation changed almost immediately, she made no express factual findings about whether the officer completed the tasks associated with the traffic stop in a reasonable period of time. See *Reyes v. State*, 334 Ga. App. 552, 555 (2) (780 SE2d 674) (2015) ("a police stop exceeding the time needed to handle the matter for which the stop was made violates the Constitution's shield against unreasonable seizures") (citation and punctuation omitted). So we cannot reverse on the basis that the trial court could have construed the evidence to find that the traffic stop was ongoing when the dog alerted to Mathews' car. See *Miller v. State*, 288 Ga. 286, 289 (2) (702 SE2d 888) (2010) (an appellate court will not reverse a trial court's ruling based on evidence not mentioned in the trial court's order).

The state argues that the officer had the reasonable articulable suspicion needed to conduct a broader drug investigation because he detected the odor of marijuana when he approached Mathews' vehicle. As the state asserts, "an officer's detection of the odor of marijuana may establish reasonable suspicion" of illicit activity. *In the Interest of C. B.*, 353 Ga. App. 383, 385 (837 SE2d 544) (2019). But an officer's

6

testimony that he smelled marijuana will not support a reasonable suspicion unless the state establishes "a foundation for the officer's ability to detect the odor of marijuana[.]" Id. at 386.

An officer's training and experience are a part of the totality of facts and circumstances known to the officer from which the officer may reasonably suspect criminal activity. See *Hughes v. State*, 296 Ga. 744, 749 (2) & n. 8 and n. 9 (770 SE2d 636) (2015). In granting Mathews' motion to suppress, the trial court relied on a statement in *In the Interest of C. B.*, 353 Ga. App. at 386, that "the lack of evidence of the officer's training and experience is fatal" to a claim that the officer had reasonable articulable suspicion of illicit activity based on smelling marijuana. The trial court construed *In the Interest of C. B.* to hold, essentially, that the state must show the officer had *both* training and experience in detecting the odor of marijuana.

But *In the Interest of C. B.* does not address a situation where there is evidence of training but not experience, or vice versa. See *In the Interest of C. B.*, 353 Ga. App. at 383-384 (affirming ruling in which the trial court found that "the officer had not established that he was qualified *or* trained to detect the odor of marijuana") (emphasis supplied). Moreover, our Supreme Court has indicated that evidence of either training or experience may be enough to show that an officer was qualified to

7

detect the odor of marijuana. In *Caffee v. State*, 303 Ga. at 562 (2) (b), the Court held that "[m]any appellate courts, this one included, have concluded that a police officer has probable cause to search when that officer, through training *or* experience, detects the smell of marijuana." (Emphasis supplied.) So we decline to read *In the Interest of C. B.* to require evidence of *both* training and experience to establish the necessary foundation for an officer to testify that he or she detected the odor of marijuana; depending on the circumstances, one or the other may suffice.

For this reason, we conclude that the trial court erred when she based her suppression ruling on the state's failure to show that the officer had been trained in detecting the odor of marijuana, without considering the officer's experience in detecting that odor. The officer testified that he had such experience, but the trial court made no express findings on that issue. Even though Mathews did not challenge the officer's testimony about his experience, we cannot consider that testimony in reviewing the order on appeal. "The trial court was not required to accept [the officer's] testimony on these issues, even though it was not contradicted . . . [and] it [is] not within [our] province . . . to make [our] own findings in this respect." *Caffee*, 303 Ga. at 559 (1).

Without express findings about the officer's experience in detecting the odor of marijuana, we lack "sufficient detail to permit meaningful appellate review" of the trial court's conclusion that the officer lacked reasonable articulable suspicion to convert the traffic stop to a criminal investigation. *Hughes*, 296 Ga. at 746 (1) n. 6. So we vacate the trial court's order and remand the case for further findings. See id.

*Judgment vacated and case remanded. Gobeil and Pinson, JJ., concur.*