**SECOND DIVISION**
**MILLER, P. J.,**
**MERCIER and HODGES, JJ.**

**NOTICE: Motions for reconsideration must be _physically received_ in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

**May 31, 2023**

# In the Court of Appeals of Georgia

A23A0595. BUNDE v. THE STATE.

MERCIER, Judge.

Following a stipulated bench trial, Konrad Nathaniel Bunde was convicted of two counts of serious injury by vehicle, and one count each of driving under the influence and failure to maintain a lane. Bunde appeals, arguing that the trial court erred by denying his motion to suppress the results of a breath test administered after the accident. Finding that the trial court did not abuse its discretion in determining that Bunde consented to the breath test, we affirm the trial court's denial of Bunde's motion to suppress.

This case was previously before us in an unreported decision. See *Bunde v. State*, A20A1260 (September 8, 2020) (unpublished) ("*Bunde I*"). In *Bunde I*, we vacated the trial court's denial of Bunde's motion to suppress the results of his breath

test, in order for the trial court to reconsider Bunde's suppression argument in light of *Elliott v. State*, 305 Ga. 179 (824 SE2d 265) (2019). See *Bunde I*. Following remittitur, the trial court reconsidered the motion to suppress and again denied the motion.

"When reviewing the grant or denial of a motion to suppress, an appellate court must construe the evidentiary record in the light most favorable to the trial court's factual findings and judgment. An appellate court also generally must limit its consideration of the disputed facts to those expressly found by the trial court." *Caffee v. State*, 303 Ga. 557, 557 (814 SE2d 386) (2018) (citation and punctuation omitted). "We review the trial court's decision on a motion to suppress for abuse of discretion." *Peacock v. State*, 314 Ga. 709, 715 (3) (878 SE2d 247) (2022).

So viewed, the following facts were set forth in *Bunde I*:

> [J]ust before midnight on August 30, 2014, Bunde's truck crossed the center line on the highway and struck three cars traveling in the opposite direction, resulting in serious injuries to other people. A state trooper[,] who responded to the accident[,] could smell the odor of alcohol on Bunde's breath and observed that Bunde had slurred speech and watery, bloodshot eyes. Bunde admitted that he had consumed three beers and a mixed drink earlier that evening and agreed to perform various field sobriety tests and take a preliminary breath test, which tested positive for the presence of alcohol. The trooper then placed

Bunde under arrest for driving while intoxicated and read him Georgia's implied consent notice verbatim. The implied consent notice in effect at the time of Bunde's arrest stated, in part:

["]Georgia law requires you to submit to state administered chemical tests of your blood, breath, urine, or other bodily substances for the purpose of determining if you are under the influence of alcohol or drugs.

If you refuse this testing, your Georgia driver's license or privilege to drive on the highways of this state will be suspended for a minimum period of one year. Your refusal to submit to the required testing may be offered into evidence against you at trial.["][1]

Bunde agreed to take a breath test, and he was transported to the local detention center for a breathalyzer. The breathalyzer test results showed Bunde's blood-alcohol level to be above the legal limit.

*Bunde I*, at *2-3.

Bunde filed this appeal, arguing, in his sole enumerated error, that the trial court erred by finding that he consented to the breath test.

---

[1] See former OCGA § 40-5-67.1 (b) (2) (2014).

Under both the United States Constitution and the Georgia Constitution, criminal defendants are protected from self-incrimination. See U.S. Const. Amend. 5; Ga. Const. of 1983, Art. I, Sec. I, Par. XVI. Our Supreme Court has held that the Georgia Constitution's prohibition against compelled self-incrimination prohibits the State from forcing someone to submit to a state-administered breath test absent a valid warrant or other doctrine obviating the need for a warrant. See *Olevik v. State*, 302 Ga. 228, 252 (3) (b) (806 SE2d 505) (2017). Valid consent can demonstrate that an individual was not compelled to submit to the state-administered breath test. See id. at 243 (2) (c) (iii). In order to show consent, the State must show that the individual gave actual consent to the state-administered test, which requires the determination of the voluntariness of the individual's consent under the totality of the circumstances. See id at 248 (3) (a); see also *Awad v. State*, 313 Ga. 99, 102 (2) (868 SE2d 219 (2022) ("The State has the burden of proving that evidence challenged in a motion to suppress is admissible.").

> The totality of the circumstances test is determined by factors such as:
>
> the age of the accused, his education, his intelligence, the length of detention, whether the accused was advised of his constitutional rights, the prolonged nature of questioning, the use of physical punishment, and

4

the psychological impact of all these factors on the accused. In determining voluntariness, no single factor is controlling.

*Olevik*, 302 Ga. at 251 (3) (b) (citation and punctuation omitted). In *Elliott*, the Supreme Court ruled that evidence of a defendant's refusal to submit to a breath test was inadmissible as violating the protection against compelled self-incrimination. See *Elliott*, 305 Ga. at 179-180. As a corollary of that, the Supreme Court "recognize[d] that [its] holding . . . may affect a totality-of-the-circumstances inquiry into whether a defendant voluntarily submitted to a breath test where the State first threatened that, if [he] refused, that would be evidence against [him] at trial." Id. at 223 (IV) (E). While *Elliott* may affect our totality of the circumstances inquiry, we continue to apply that test. See *State v. Henderson*, 356 Ga. App. 473, 476 (847 SE2d 833) (2020).

In its orders, the trial court found that, while at the accident scene and investigating the accident, a state trooper asked Bunde if he would like to sit in a police car to wait because it was raining. Bunde said that he would, and he sat in the car for approximately 30 minutes but was not handcuffed and retained his belongings, including his cell phone. After the trooper completed his investigation at the accident scene, he transported an un-handcuffed Bunde to a gas station located less than a mile

away in order to perform field sobriety tests under an awning, and out of the rain. Bunde performed the tests and as a result of Bunde's performance, and the trooper's observations, the trooper placed Bunde under arrest and read him the implied consent notice regarding a breath alcohol test. Bunde consented to the test and received a result above the legal limit.[2]

The trial court found that Bunde was an adult, was without an intellectual or educational deficiency, and was not subjected to prolonged questioning or threats of physical punishment. Further, the trial court specifically pointed to Bunde's background as a graduate of the United States Military Academy, and that at the time of the wreck Bunde was serving in the United States Army as a Second Lieutenant. The trial court stated that Bunde's "particular military background and training is significant to the [trial court's] finding that he would have submitted to the [breathalyzer test] even had he not been improperly advised that a refusal to take the test could be used against him at trial." Based on these facts, the trial court found that Bunde voluntarily consented to the breath test. See *Woods v. State*, 361 Ga. App. 844,

---

[2] "A person shall not drive or be in actual physical control of any moving vehicle while . . . [t]he person's alcohol concentration is 0.08 grams or more at any time within three hours after such driving or being in actual physical control from alcohol consumed before such driving or being in actual physical control ended." OCGA § 40-6-391 (a) (5).

6

848 (2) (864 SE2d 194) (2021) (trial court did not abuse its discretion by finding that defendant actually consented to field sobriety tests and preliminary breath test when there was no evidence of threats or coercion and the defendant was only in the back of a patrol car due to heavy rain).

Construing the evidentiary record in the light most favorable to the factual findings and judgment of the trial court, as we must, we cannot say that the evidence demanded a finding contrary to the trial court's ruling. See *Fofanah v. State*, 355 Ga. App. 895, 898 (846 SE2d 154) (2020) (upheld trial court's determination that consent was voluntary under totality of circumstances, despite misleading statement in implied consent notice that refusal could be offered into evidence against him at trial); compare *State v. Ortiz*, 363 Ga. App. 829, 833 (1) (873 SE2d 217) (2022) (when officer failed to ask defendant if he understood English or if he wanted an interpreter, and the defendant repeatedly stated that he did not understand questions from the officer, the trial court did not err in suppressing the result of the state-administered breath test due to lack of actual consent). As such, we find no abuse of discretion by the trial court in denying Bunde's motion to suppress. See *Fofanah*, 355 Ga. App. at 898.

*Judgment affirmed. Miller, P. J., and Hodges, J., concur.*

7